(No. 34334.—<span style="background:black">     </span>

THE VILLAGE OF MARK, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MARY ELLENA, Plaintiff in Error.)

*Opinion filed September 20, 1957—Rehearing denied Nov. 19, 1957.*

PERONA AND PERONA, of Spring Valley, for plaintiff in error.

HOLLERICH & HURLEY, of La Salle, for defendant in error.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Peter Ellena, an employee of the village of Mark, was accidentally killed when the village dump truck ran over him. His widow applied for and received an award under

the Workmen's Compensation Act. On review the circuit court of Putnam County set it aside. The widow has been granted a writ of error for further review by this court. In our opinion the case turns upon whether the accident arose out of and in the course of decedent's employment.

The record shows that the village board, which had decided to conduct an alley cleanup drive, employed the decedent on Monday, May 23, 1955. He was one of a three-man cleanup crew whose equipment consisted of a dump truck, a rake and some shovels. One of the crew drove the truck, the decedent and the remaining employee loading it with the ashes, cans and rubbish which residents had placed in the alleys to be picked up. When the truck was filled the driver took it to the dumping grounds and emptied it by means of the hydraulic lift, while decedent and his co-worker waited in the alley where they had been working.

On Tuesday, May 24, at about 11:40 o'clock A.M., the truck was full; and the driver observed that by the time it was unloaded, it would be lunch time. Since the truck on its trip to the dumping ground would pass their respective homes the decedent and the other loader got on for the ride. The former rode in the cab with the driver, while his companion stood on the left running board. When they arrived at Ellena's home, which was located on Milwaukee Avenue about three blocks from where they had been working, he got out and started toward his gate. As he stepped across a strip of gravel, which separated the black-top paving from the gutter and the grass beyond, he slipped and fell on his back, with his head striking the surface in front of the wheel. In the meantime the truck had started to pull away; and the wheel passed over Ellena's head, killing him instantly.

The plaintiff in error contends that on the basis of such facts (as to which there is no material dispute) Ellena was shown to have been injured in the course of his employment,

and that the cause of such injury arose out of the performance of his duties. We cannot agree. He was about to enter his home for lunch, at a point some three blocks away from the place of employment. The slip which caused his fall occurred as he was going toward his house. The fact that it was the employer's dump truck which struck him—a fact upon which appellant lays much stress—is irrelevant. The risk must have some connection with the job or employment. It is not enough that it is one to which the public is equally subjected. It must have its origin in the work performed by the employee in fulfilling his contract of service. It has been held, accordingly, that a worker injured on a public street while going to lunch cannot claim compensation from his employer. *Roberts & Oake* v. *Industrial Com.* 378 Ill. 612; *Pearce* v. *Industrial Com.* 299 Ill. 161.

Where the employer does not have control or supervision over the employee at the time, and the latter is not performing the duties of his job, the injury does not arise out of and in the course of his employment. "The employer is liable for compensation only for an injury which occurs to the employee while performing some act for the employer in the course of his employment, or incidental to it." (*Klug* v. *Industrial Com.* 381 Ill. 608.) The risk is incidental to the employment when it belongs to or is connected with what the workman has to do in fulfilling his duties. The mere fact that an employee is present at the place of injury because of his employment does not suffice. There must be a causal relation between his employment and the injury. *Illinois Country Club, Inc.* v. *Industrial Com.* 387 Ill. 484; *Great American Indemnity Co.* v. *Industrial Com.* 367 Ill. 241.

The circuit court was correct in setting aside the award, and its judgment is therefore affirmed.

*Judgment affirmed.*