(No. 37519.—)
HENRY MILLS, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(COMMUNITY COACH COMPANY, Plaintiff in Error.)

*Opinion filed March 25, 1963.*

McGLYNN & McGLYNN, of East St. Louis, (CHARLES M. WHEALON, of counsel,) for plaintiff in error.

MORRIS B. CHAPMAN and GEORGE FILCOFF, JR., of Granite City, for defendant in error.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This matter is before us on writ of error to the city court of Granite City issued to review a judgment entered in proceedings under the Workmen's Compensation Act

wherein the court reversed the finding of the arbitrator, concurred in by the commission, that the relationship of employer and employee did not exist at the time of the injury. The sole question for our determination is whether the court below was correct in this conclusion.

The relevant facts are as follows: Henry Mills was and had been for fifteen years employed by petitioner as a bus driver, working Monday through Saturday of each week. On Friday, April 17, 1959, respondent had been driving on the St. Louis to Mitchell route. The company had arrangements with St. Louis merchants for shoppers' tickets whereby passengers on this route who boarded the bus in Illinois for St. Louis would receive a ticket from the driver. The passenger could then have the ticket stamped by one of the co-operating stores, and, on his return, give it to the bus driver in payment of his return fare. The tickets were turned into the office by the driver, and the company collected from the merchants pursuant to their agreement.

On April 17 Mills had received six of these stamped tickets, but was transferred to another route late in the afternoon, being given another bus to make the trip. In moving his equipment from one bus to the other, he forgot the shoppers' tickets, leaving them in the dash of the bus he had operated on the St. Louis-Mitchell route. The following day he worked but did not have the bus with the tickets in it. He looked for this bus, but it was gone.

Mills first testified he held his money from Friday's run so that he could turn in the tickets and money together, thus coming out even with the number of passengers. However, on cross-examination he stated he turned in the money Friday night, but not the tickets, and that he turned his report in on Saturday.

On Sunday morning, April 19, his day off, Mills went to the company barns to look for the stamped tickets, intending to turn them in to his boss who was usually there

on Sundays. He notified no one of his intention to go to the barns, and his boss was not there. He found the bus in question, but fell into a pit while trying to get into the bus. The injury for which compensation was awarded by the court resulted from the fall.

The drivers were not penalized nor accountable in cash for any tickets not turned in, although Mills testified he assumed the value of any lost tickets would be taken from his earnings. No one had asked respondent to go to the barns on Sunday, and he could have turned the tickets in on Monday or a later day. The petitioner's traffic superintendent corroborated the fact that employees could go in and get things out of the busses even though they were not working at the time.

There is no substantial disagreement as to the facts. The problem before us is simply whether the injury arose out of and in the course of the respondent's employment. We have had numerous occasions to consider similar problems and have repeatedly held the burden rests upon the applicant for compensation to bring himself within the statutory requirements as heretofore interpreted. (*Jewel Tea Co.* v. *Industrial Commission*, 6 Ill.2d 304, 309.) Among the guidelines which we have erected are the following: Where the employer does not have control or supervision over the employee at the time of the injury, and the latter is not performing the duties of his job, the injury does not arise out of and in the course of the employment. (*Village of Mark* v. *Industrial Com.* 12 Ill.2d 168 at 170.) "The risk is incidental to the employment when it belongs to or is connected with what the workman *has to do* in fulfilling his duties. The mere fact that an employee is present at the place of injury because of his employment does not suffice." (Emphasis supplied.) (*Village of Mark* v. *Industrial Com.* and cases there cited.) "The accident must result from a risk incidental to the employment and while the employee is doing that which he is reasonably required

to do *within the time of his employment* and at the place where he may be reasonably expected to be while discharging the duties of his employment." (Emphasis supplied.) (*Klug* v. *Industrial Com.* 381 Ill. 608, 611.) Also pertinent in this instance are the observations of this court in *Loyola University* v. *Industrial Com.* 408 Ill. 139, 143: "It is firmly established that, in order for an injury to be compensable under the Workmen's Compensation Act, it must arise out of his employment as well as be sustained in its course. The phrases 'arising out of' and 'in the course of' the employment are used conjunctively. This being so, the two elements must co-exist, neither alone being sufficient. Proof of one without proof of the other will not sustain an award."

Applying the reasoning of the foregoing cases to the facts at bar it is apparent that applicant has not met his burden of proof. The injury not only occurred outside regular working hours—it occurred on a day when the employee did not work at all—and was therefore not "within the time of his employment"; neither was the activity being performed under the employer's "control or supervision" for the employer neither knew nor had any reason to expect Mills to be in the car barns on Sunday morning. There is considerable question as whether the trip to the car barns could even be said to be incidental to the employment—it certainly was not required, and there is no proof in the record establishing any penalty if the employee failed completely to produce the tickets or delayed indefinitely in doing so—but assuming that it could somehow reasonably be said that the visit to the barns was incidental to and therefore arose "out of" the employment, it clearly did not occur in the "course of" the employment, and is therefore not compensable.

Respondent cites a number of cases as supporting an award of compensation, including several prior decisions of this court which we believe clearly distinguishable from

the facts at bar. The case of *Chicago, Wilmington and Franklin Coal Co.* v. *Industrial Com.* 303 Ill. 540, which approved compensation for an injury occurring during the noon hour to an employee engaged in work which he should not have been doing is clearly inapposite, for the court there stated that the employer not only knew of the employee's habit of doing this, but had actually, on occasion, paid the employee extra for the work involved. In *Swift & Co.* v. *Industrial Com.* 350 Ill. 413, the evidence clearly established the fact that the employee had no fixed working hours or schedule, and was carrying out the employer's specific instructions to call on a certain customer when the employee was injured. In *Benjamin Sanborne Co.* v. *Industrial Com.* 405 Ill. 50, the facts are even less analogous to those at bar. There the employee had been required by the employer to work on her day off and was performing a task requested by the employer when injured. In *Jewel Tea Co.* v. *Industrial Com.* 6 Ill.2d 304, claimant was injured while playing ball with a company sponsored team of employees in a company league. The injury was held compensable, but the court carefully pointed out that this activity was company sponsored, encouraged and publicized, with company officials taking an active part in the organization of the leagues, appointment of team managers, scheduling of games, *etc.* The distinctions between the facts upon which these decisions were based and those in the instant case, where the employee's actions resulting in the injury were neither required by the employer, known to the employer, nor reasonably to be anticipated by the employer, are obvious.

We therefore hold the injuries here incurred did not arise out of and in the course of the employment, and that the city court of Granite City erred in awarding compensation therefor. The judgment of the city court is therefore hereby reversed.

*Judgment reversed.*