(No. 38433.—

CANHAN SHEET METAL CORPORATION, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(OLIVER HOWARD, Appellee.)

*Opinion filed September 29, 1964.*

THOMAS Q. KEEFE, of East St. Louis, for appellant.

JACOBY, PATTON AND MANNS, of Alton, and CHARLES M. WARNER, of St. Louis, Missouri, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Canhan Sheet Metal Corporation appeals the judgment of the circuit court of Madison County affirming a workmen's compensation award of the Industrial Commission to one of its employees, Oliver Howard, for permanent, partial loss of use of the left arm. The employer contends that the evidence is insufficient to support the award.

Oliver Howard filed an application for adjustment of claim with the Industrial Commission alleging that on December 16, 1960, while employed by Canhan Sheet Metal Corporation he fell from a step ladder and injured his chest, fractured seven ribs and punctured his spleen. He requested compensation for temporary total disability, partial disability, and complete and permanent disability, including a pension. There was no claim of permanent partial loss of use of any limb or organ enumerated in the specific loss schedule or subsection (e) of section 8 of the Workmen's Compensation Act (Ill. Rev. Stat. 1959, chap. 48, par. 138.8(e).) Prior to the hearing before the arbitrator, however, Howard amended his application to claim permanent partial loss of use of both arms and both legs.

Upon hearing by the arbitrator the parties stipulated that the only issue to be decided was the nature and extent of disability; the employer had paid Howard his medical expenses and temporary, total disability benefits for 11⁴⁄₇ weeks. Howard in describing the fall causing his injuries testified that his left side, including his left arm, struck the stepladder as he fell. He was taken to the hospital where his spleen which had been punctured was surgically removed. Seven of his ribs were also fractured. Howard further testified that he was hospitalized for two weeks and returned to work March 6, 1961. He earned as much after the accident as before. At the time of hearing Howard was 59 years of age. His principal complaint was that his arms and legs ached when he worked.

Dr. Harry A. Middleman testified for Howard; he examined the latter in October of 1961. Although Dr. Middleman had treated Howard on previous occasions he did not treat him for his injuries of December 16, 1960. Prior to his accident Howard was in good health. In Dr. Middleman's opinion, removal of the spleen would cause a general weakness throughout the body and Howard's present complaints were justified.

The arbitrator awarded Howard 87½ weeks of compensation at $45 per week, because of 10% loss of use of both the right and left arm and 10% loss of use of both the right and left leg. Canhan Sheet Metal Corporation requested review of the arbitrator's decision by the Industrial Commission and gave notice of intent to offer additional evidence.

Before the commissioner assigned to hear the review, Dr. Robert R. Anschuetz and Dr. V. C. Siegel testified on behalf of the employer. Dr. Anschuetz related he performed the operation to remove Howard's spleen and attended him during his convalescence. Howard subsequent to his injuries complained of various discomforts and disabilities, including loss of hearing, sexual impotency, insomnia and periodic

weak spells. He did not complain of any disabilty to his arms and legs. In Dr. Anschuetz's opinion removal of a spleen has no effect on the general health of the patient and that the only complaint of Howard with an apparent relation to the accident of December 16, 1960, was a tenderness about his ribs. However, Dr. Anschuetz also said that Howard sustained a severe injury and that he might have a small residual disability of his body as a whole.

Dr. Siegel examined Howard shortly before the hearing on additional evidence before the commissioner; his findings were essentially normal. He found no unusual weakness in either the arms or legs of Howard, nor any atrophy in those limbs. Like Dr. Anschuetz, Dr. Siegel was of the opinion that removal of the spleen should not cause a general weakness throughout the body and that it has no effect upon either the arms or legs. Oliver Howard also briefly testified before the commissioner; he related that his arms and legs had become weaker since the hearing before the arbitrator.

The Industrial Commission reversed the arbitrator and awarded Howard 82¼ weeks compensation at $45 per week because of permanent 35% loss of use of the left arm. On review by writ of *certiorari* the circuit court of Madison County affirmed the award of the Industrial Commission.

Section 8 of the Workmen's Compensation Act (Ill. Rev. Stat. 1959, chap. 48, par. 138.8) provides for awards in nonfatal cases. In addition to medical care and temporary, total disability benefits, section 8 provides for benefits for disfigurement, partial incapacity to pursue usual employment, specific permanent injuries, both partial and total, and complete permanent disability. However, not every permanent injury is compensable, *e.g.*, no award is authorized for partial loss of hearing (Ill. Rev. Stat. 1959, chap. 48, par. 138.8(e).) To qualify for an award for permanent injury, an employee must prove an injury for which compensation is authorized under a provision of section 8. The

Illinois Workmen's Compensation Act, unlike the acts of some States, has no catchall section for permanent injuries for which there is no other provision (see 99 CJS 1108, Workmen's Compensation § 307). Here the employee applied for compensation for permanent partial loss of use of both arms and both legs under section 8(e), paragraphs 10, 12 and 16.

The employee has the burden of proof under the Workmen's Compensation Act and an award that is not supported by substantial evidence must be set aside (*American Brake Shoe Co.* v. *Industrial Com.* 20 Ill.2d 132; *Mirific Products Co.* v. *Industrial Com.* 356 Ill. 645; *Corneaux* v. *Industrial Com.* 354 Ill. 456.) Here there is no evidence of any permanent injury to Howard's left arm; the only reference to the left arm in the record occurred when Howard described his fall; he said he struck it on the stepladder as he fell. There is no testimony as to injury to the left arm and no history of treatment of that limb. There is no evidence whatsoever of any disability peculiar to Howard's left arm as opposed to his body as a whole. Whatever residual disability Howard suffers to his body as a whole as the result of the removal of his spleen is not compensable under the Illinois Workment's Compensation Act and Howard does not contend otherwise. The court may not, by ignoring the rules on proof, amend section 8 of the Workmen's Compensation Act to authorize an award for disability that does not cause partial incapacity to pursue usual employment as required by subsection (d), nor completely disables as required by subsection (f) by finding a permanent partial loss of use of a specific limb or organ under subsection (e), where such finding is not supported by substantial evidence.

The award of the Industrial Commission is erroneous and must be set aside.

*Judgment reversed; award set aside.*