(No. 39050.—

CHECKER TAXI COMPANY, INC., Appellant, *vs.* THE IN-
DUSTRIAL COMMISSION *et al.*—(LAWRENCE H. BOYD,
Appellee.)

*Opinion filed Sept. 28, 1965.—Rehearing denied Nov. 18, 1965.*

BRODY & GORE, and JESMER & HARRIS, both of Chicago,
for appellant.

ASHER, GREENFIELD, GUBBINS and SEGALL, of Chicago,
(LESTER ASHER, JOHN J. McNICHOLS, and BENJAMIN L.
JACOBSON, of counsel,) for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the
court:

This appeal is from an order of the former superior
court of Cook County affirming an award entered by the
Industrial Commission in favor of Lawrence H. Boyd
against the Checker Taxi Company, Inc., his employer. The

arbitrator found that the employee's injury arose out of and in the course of the employment, made an award for temporary total disability and an award of 47 weeks for 20% loss of use of the right arm, and medical and hospital expenses. Upon review the Commission confirmed the award of the arbitrator, but without hearing additional medical evidence reversed the finding as to the specific loss of 20% of the use of the right arm and found that petitioner had sustained a 30% loss of use of the right arm. Employer appeals the affirmance of this award directly to this court.

The injury occurred on March 29, 1961, when Lawrence H. Boyd, a driver for the Checker Taxi Company, Inc., was operating his cab in the vicinity of 51st Street and Cottage Avenue in the city of Chicago. The employee testified, in essence, that he was stopped for a light when he saw two young white boys walking across the street in a northerly direction and that they passed three older colored boys on the corner, who began beating them. One of the white boys broke away and ran towards the cab. He stopped the cab and the boy had his hand on the right rear door of the cab when two of the colored boys ran over and grabbed him so that he couldn't get into the cab. Boyd got out of the cab, tried to push the one boy who had his hand on the cab behind him and to separate the fighting boys. The colored boys ran, but one stopped about 50 feet away and fired two shots at him—one hit him in the left hand and the other in the chest. Thereafter he drove his cab to a hospital where he was treated for his wounds.

Jesse Page, an eyewitness, testified on behalf of the employer, corroborating the testimony as to the shooting, but stating that he did not see either of the white boys approaching the cab. Three police officers also testified as to statements made by Boyd after the injury in which he did not state the details regarding the boy approaching his cab.

It is the contention of the employer that the employee must prove that the accident arose out of and in the course

of his employment; that the injury was caused by the nature of his employment; and that the employer is not liable for compensation when the employee voluntarily exposes himself to a danger that is not incident to his employment.

Employee insists that his injury was sustained while going to the assistance of a passenger and that, even if the boy did not attempt to enter the cab, the injury is still compensable; and that the findings of the Industrial Commission are not against the manifest weight of the evidence.

In the case of *Puttkammer* v. *Industrial Com.* 371 Ill. 497, the employee, a driver of a coal truck, was on his way back to the coal yard when he came upon two automobiles which had collided. He stopped his truck, went over to one of the damaged cars and picked up an injured child. He was killed while walking back to his truck, when another auto struck one of the damaged cars, causing it to hit him. In awarding compensation to his widow under the Workmen's Compensation Act, the court considered the contention that the accident did not arise out of and in the course of the employment, and stated as follows:

"If Puttkammer suffered an injury while driving, or while doing any act in connection with the use of his truck in the street, or any act that can reasonably and fairly be said to be incidental to his employment as a truck driver, his injury and death are compensable. The question is whether he broke the thread or chain of his employment and went outside the course of that employment if, as plaintiffs in error assume from the facts stipulated, he went to aid those injured in the damaged automobiles and collision. Plaintiffs in error say the facts are equally applicable to an intention to give aid or to an intention to see whether his way was clear and that speculation as to what his real intention was cannot be resorted to to determine his purpose. In the view we take it is immaterial whether he went to the damaged cars for the one or for the other purpose. Neither would take him out of the course of his employment. Giving

aid to an injured child on the highway is just as natural and is just as much to be expected from a driver of another vehicle as stopping to water horses drawing his dray or stopping to get liquid refreshment for himself." 371 Ill. at 503.

The doctrine of the *Puttkammer* case has been considered and approved by the Illinois courts, (*Olson Drilling Co.* v. *Industrial Com.* 386 Ill. 402; *Boalbey* v. *Smith,* 339 Ill. App. 466,) and the United States Supreme Court. *O'Leary* v. *Brown-Pacific-Maxon, Inc.,* 340 U.S. 504, 95 L. ed. 483.

The findings of the Industrial Commission are clearly not against the manifest weight of the evidence, but are amply supported by the record. Although there is some negative evidence contradicting employee's contention that one of the boys was attempting to become a passenger in the cab, in the light of the foregoing cases the injury received was nevertheless compensable under the Workmen's Compensation Act.

An alternative contention of the employer is that the record does not sustain an award for the specific loss of 30% or even 20% of use of the right arm. After examining the record we conclude that the employer is correct in this contention. The only medical testimony, that of Dr. Barth, the examining physician, contains no statement as to injury to or treatment of the right arm or any loss of use thereof. In this record there are no objective findings of any injury to the right arm. The employee, Boyd, testified as to the injury on March 29 and stated that he returned to work the following May 27, 1961, and thereafter drove a cab at least six days a week until April, 1962. The only testimony as to his right arm is that if he drove too much after the accident, his right arm would get tired and that he would get pains in his shoulder and his arm would get stiff. We do not consider that the medical testimony and the employee's complaint justify any award as to loss of use of the right arm and such finding is not supported by the evidence. (*Canhan*

*Sheet Metal Corp.* v. *Industrial Com.* 31 Ill.2d 325.) The award must be modified by eliminating the award for *30%* loss of use of the right arm. Therefore the judgment of the superior court must be reversed insofar as it confirmed the award for loss of use of the right arm. In all other respects the judgment and award is affirmed.

*Affirmed in part and reversed in part.*