(No. 41327.— )
HIRAM WALKER & SONS, INC., Appellant, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(Elmer Radosavlyev, Ap-
pellee.)

*Opinion filed Nov. 22, 1968.—Rehearing denied Jan. 28, 1969.*

KLINGBIEL, J., dissenting.

MILLER, WESTERVELT & JOHNSON, of Peoria, (DAVID
A. NICOLL and ROBERT D. JACKSON, of counsel,) for ap-
pellant.

HAROLD N. O'HARA, of Peoria, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the
court:

The Industrial Commission affirmed the decision of an
arbitrator which awarded the claimant, Elmer Radosavlyev,
$51 per week for a period of 47½ weeks for the permanent
and complete loss of the use of his right hand to the extent
of 25% thereof. On *certiorari* in the circuit court of Peoria

County, the employer, Hiram Walker & Sons, Inc., asserted that the claimant's injury did not arise out of and in the course of his employment. The circuit court granted the claimant's motion to quash the writ of *certiorari,* and the employer has appealed.

The claimant had worked for the employer for 24 years. He customarily drove to work and parked in the company parking lot, and he ordinarily punched the time clock between 6:10 and 6:20 each morning, although he was not due to begin work until 7:00 o'clock. On the morning of March 23, 1965, he arrived at the lot shortly after 6:00 A.M. After he parked his car, he walked about 15 feet and then slipped and fell, severely injuring his hand. There had been sleet and snow on the previous night and the parking lot was covered with ice and snow. After his fall he proceeded to Elsie's Cafe, which was about a block away in the opposite direction from the main gate of the plant. From there he was taken to the hospital.

In numerous decisions it has been held that an employer is responsible for the maintenance and control of a parking lot that he provides for the use of his employees, and that an injury incurred by an employee while on the lot, within a reasonable time before or after work, arises out of and in the course of his employment. (*Chmelik* v. *Vana,* 31 Ill.2d 272; *De Hoyos* v. *Industrial Com.,* 26 Ill.2d 110.) What was said in *Chmelik* v. *Vana* is applicable here: "the parking lot was provided and used as an incident of the employment. The lot was used as an adjunct of the employer's plant, it was furnished and maintained by the employer to facilitate arrival and departure from work, and it was contemplated that employees would use the lot in going to and from their employment." 31 Ill.2d at 279.

The employer, however, contends that the injury in this case did not arise out of and in the course of the claimant's employment "because he was going to a private restaurant to eat his breakfast, approximately an hour before he was

to commence work." The claimant testified that when he fell he was going toward the main gate of the plant and that he did not decide to go to Elsie's Cafe until after he fell. He also testified that he usually ate breakfast at home, and not at Elsie's Cafe. He admitted, however, that he had told the employer's assistant manager of safety and plant inspection that he was on his way to Elsie's Cafe, where he often had breakfast, at the time of his fall. Another witness testified that he had seen the plaintiff in Elsie's Cafe three or four mornings a week at about 6:00 A.M. within a period of two months prior to March 23.

We are of the opinion that the Commission and the circuit court correctly held that the claimant's injury arose out of and in the course of his employment. He fell at about the time at which he had customarily checked in for work during his 24 years as an employee. On that morning, as on other mornings, he had parked in the company lot intending to leave his car there throughout the working day. His presence in the lot was due entirely to his employment, and the risks to which he was there exposed because of the icy surface did not depend upon whether he went directly into the plant or detoured briefly to get breakfast. In the absence of evidence that the condition of the lot would have been remedied between the time of the claimant's arrival and the time that he was due to start work, neither the precise time of his arrival nor his immediate destination was relevant to the risk created by the condition of the parking lot.

The judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE KLINGBIEL, dissenting:

I cannot agree with the conclusion reached by the court. In my opinion it is preposterous to say a man is in the course of his employment when he is on his way to a cafe

for breakfast an hour before he is due to report for work. The mere fact that he parked his car in the company lot has little bearing on the nature of his activity at the time. It is clear that he left it there at that hour of the day solely for his own convenience, whatever the case might have been later had he been on his way to report for work.

The trip for breakfast can hardly be brought within the scope of employment by calling it a "detour". Nor is it material to speculate that the condition of the lot was the same as it would have been later had he sustained the injury in going to report for work. The accident might not have occurred at all had he been on his way to punch in, and in any event the plain and simple fact is that it did not happen later; it happened as he was on an excursion of his own.

It is begging the question to announce that destination and time of arrival are not relevant to the "risk". What must be determined in these cases is whether such factors are relevant to the *employment*. (See, *e.g.*, *Mills* v. *Industrial Com.*, 27 Ill.2d 441; *Village of Mark* v. *Industrial Com.*, 12 Ill.2d 168.) In the case at bar relevance for that purpose is hardly disputable. I would suppose none of my brethren would deny relevance if the claimant had parked his car in the lot at 9 P.M. the evening before on his way to a tavern, intending to leave it there throughout the following working day. In such a case, I take it that an award would be considered highly unauthorized, regardless of whether or not the condition of the lot had been "remedied" before working hours began. The court's conclusion on the present facts is, in my opinion, hardly less absurd.

The majority opinion lays stress on the supposed fact that "His presence in the lot was due entirely to his employment." But this court has heretofore repeatedly pointed out that "the mere fact that an employee is present at the place of injury because of his employment does not suffice." (*Mills* v. *Industrial Com.*, 27 Ill.2d 441, 443; *Village of Mark* v. *Industrial Com.*, 12 Ill.2d 168, 170.) As we quoted

and emphasized in the *Mills* case, " 'The accident must result from a risk incidental to the employment and while the employee is doing that which he is reasonably required to do *within the time of his employment* and at the place where he may be reasonably expected to be while discharging the duties of his employment.' " (27 Ill.2d at 443-444.) The statute requires that the injury arise in the course of employment, and this requirement ought to be applied in a reasonable and common-sense manner. It is extremely unlikely that either the claimant or any of his companions joining him for breakfast would have imagined that it was all part of their employment and that the claimant was on the job at the time. Whatever might have been his custom in arriving early, it was entirely by his own choice and on his own time. His hours of work and his duties were not to begin until 7:00 o'clock. The only reasonable conclusion under the circumstances is that when he was heading for the cafe a block away, he was not yet in the course of his employment. (*Keystone Steel & Wire Co.* v. *Industrial Com.*, 40 Ill.2d 160, 164.) Our language in the case cited is pertinent here that "If it is socially desirable that employers be required to compensate people for injuries in such a case as this, the appropriate course is by amendment of the statute, not by judicial interpretation. As in any area where ordinary language is given an unnatural or tortured meaning to reach a decision thought desirable, a strained construction of an act designed only to compensate for injuries at work would have unfortunate consequences far beyond the immediate issues."

I would hold that on the undisputed facts the claimant's injury did not arise out of or in the course of his employment, and that the circuit court ought to have set aside the award.