(No. 42608.— ▮▮▮▮▮▮▮▮)

J. J. GRADY COMPANY, INC., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(HENRY A. FORBUS, Appellee.)

*Opinion filed Sept. 29, 1970.—Rehearing denied Dec. 3, 1970.*

ANGERSTEIN & ANGERSTEIN, of Chicago, (JAMES F. GORMAN, GEORGE W. ANGERSTEIN, and SIDNEY Z. KARASIK, of counsel,) for appellant.

HORWITZ, ANESI & OZMON, of Chicago, (TIMOTHY F. SULLIVAN, of counsel,) for appellee.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

This workmen's compensation case is here on appeal from the circuit court of Cook County.

The record discloses that on December 23, 1965, the claimant was injured while operating a tractor in the course of his employment with the appellant, J. J. Grady Co., Inc. Specifically, the tractor which claimant was operating caught fire, and when claimant attempted to escape from the flames, he fell and the tractor rolled over him.

The arbitrator rendered an award for temporary total disability and medical expenses, as to which no questions are raised on this appeal, and further awarded claimant $68 per week for 94 weeks "for the reason that the injuries sustained caused the serious and permanent disfigurement to the face (4 weeks), a fracture to the vertebra (60 weeks), and the permanent and complete loss of the use of the right leg to the extent of 15% thereof (30 weeks)." On review of the arbitrator's decision, the Industrial Commission increased the award so as to allow the claimant 10 weeks compensation for facial disfigurement and also 30 weeks compensation for the 15% loss of the use of the left leg. In all other respects, the determination of the arbitrator was confirmed by the Commission. The circuit court affirmed the decision of the Commission.

It is initially maintained that there is no evidence in the record upon which an award for facial disfigurement may be predicated. It is contended that nowhere is it shown, as required by section 8(c) of the Workmen's Compensation Act (Ill. Rev. Stat. 1965, ch. 48, par. 138.8(c)), that

claimant sustained "serious and permanent" disfigurement to his face as a result of the injury in question. We disagree. The record clearly establishes that claimant sustained first and second degree burns to his face and head, and that scars resulted therefrom. Indeed it was adduced from appellant's own examining physician that a one-inch square "pink mark" existed on claimant's forehead, and that multiple marks and spots were scattered over the claimant's right ear lobe. Claimant's medical witness testified that his examination revealed scarring on both the right and left sides of the head as well as scarring of both ears. In this state of the record, we cannot say "serious and permanent disfigurement" has not been established. (See *Superior Mining Co.* v. *Industrial Com.*, 309 Ill. 339, 340.) As we have consistently observed with respect to the function of this court on appeal in these cases, "The decision of the Industrial Commission should not be disturbed unless without foundation or clearly against the manifest weight of the evidence. This court will not weigh conflicting evidence and substitute its judgment for that of the Industrial Commission nor can this court discard permissible inferences drawn by the Commission merely because it might have drawn other inferences from the facts. [Citations]." (*Electro-Motive Div., General Motors Corp.* v. *Industrial Com.*, 32 Ill.2d 35, 38.) Further, while the record shows that the Commission rendered its determination solely on the basis of the transcript of evidence elicited before the arbitrator and without the benefit of further testimony, it is clear that even in such case, the Commission exercises original jurisdiction and is in no way bound by the arbitrator's findings. (*American Smelting and Refining Corp.* v. *Industrial Com.*, 13 Ill.2d 275.) We hold that the award for facial disfigurement herein is amply supported by the record and accordingly is not against the manifest weight of the evidence.

Appellant next contends that it was improper for the Industrial Commission to render compensation for both a

fractured vertebra under section 8(d) of the Workmen's Compensation Act and for permanent partial loss of the use of the lower extremities under section 8(e). (Ill. Rev. Stat. 1965, ch. 48, pars. 138.8(d) and (e)). This argument is premised upon the existence of the proviso appearing in section 8(d) stating in relevant part "that no compensation may be allowed for fractured vertebrae * * * where there is awarded compensation for specific loss or loss of use of a member or members caused in whole or in part by such injury." The evidence in this case sufficiently established that the claimant sustained fractures of the 3rd, 4th, 5th and 7th dorsal vertebrae, and an avulsion fracture of the 7th cervical vertebra, for which specific compensation was, as we have seen, indeed awarded. However, there is no evidence whatsoever that these fractures caused in whole or in part the loss of use of the lower extremities. The award in this latter connection (loss of 15% of the use of each leg) was necessarily, under the evidence in the record, predicated upon the conclusion of the claimant's testifying physician that the claimant had sustained, among his other injuries, a sprain of the lumbar spine, causing sensory and motor disturbances, with nerve root irritation, involving the lower extremities. It is in our judgment clear that the statutory proviso in question does not preclude awards for both a fractured vertebra and for the loss of use of the legs, even if both debilities emanate from the same accidental injury, where, as here, there appears to be no causal connection between the vertebral fracture and the loss of use of the legs. We believe the proviso would be applicable in the instant case only if the vertebral fracture caused "in whole or in part" the loss or loss of the use of the members for which further specific compensation was awarded. Thus, in order for the appellant to have here benefited from the proviso in question, it was incumbent upon it to show that the vertebral fractures caused in whole or in part the loss of the use of the lower extremities. As we have seen, however, the evi-

dence fails to establish such causal connection and indeed the record manifestly permits the inference that such fractures had nothing whatsoever to do with the partial loss of use of the claimant's lower extremities.

Accordingly, and for the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*