(No. 42990.—

WINTER & HIRSCH LOAN Co., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MARLENE TRAUDT *et al.,* Appellees.)

*Opinion filed December 4, 1970.*

ANGERSTEIN & ANGERSTEIN, of Chicago, (GEORGE W. ANGERSTEIN, JAMES F. GORMAN, and SIDNEY Z. KARASIK, of counsel,) for appellant.

NORMAN PETERS, of Chicago, (TIMOTHY F. SULLIVAN, of counsel,) for appellees.

Mr. JUSTICE CREBS delivered the opinion of the court:

On the afternoon of December 24, 1963, employees, social guests, customers and friends of Winter & Hirsch Loan Co., Inc., attended a Christmas party at McCormick Place in Chicago. The party started about 1:00 o'clock P.M. and about 3:00 o'clock P.M. Robert Traudt, Lester Cohn, Jim Majewski and Adrian Platt, employees of Winter & Hirsch, left McCormick Place, went to Meigs Field, a short distance away, and took off in Traudt's airplane to view the Chicago skyline. After the airplane had been aloft for about 20 minutes, the engine "started cutting out" and plunged into Lake Michigan. Miss Platt swam ashore but Traudt, Cohn and Majewski drowned.

Workmen's compensation claims based on the death of these three employees were thereafter filed with the Industrial Commission. The arbitrator awarded widow's and child dependent benefits, the Industrial Commission affirmed the awards, and the circuit court of Cook County affirmed the decision of the Commission. The employer appeals pursuant to Rule 302(a)(4).

The awards in this case were apparently based on the rationale of *Lybrand, Ross Bros. & Montgomery* v. *Industrial Com.*, 36 Ill.2d 410. In *Lybrand* we held that the death of an employee resulting from injuries sustained in an automobile accident which occurred while the employee was returning home from the employer's annual golf outing arose out of and in the course of his employment. We found that

the golf outing was within the course of the employment because there was substantial employer compulsion on the employee to attend; the employer sponsored, arranged and wholly financed the outing and the employer derived a business benefit from the outing. After determining that attendance at the outing was incidental to decedent's employment and that the site was selected by the employer, we stated that the rule denying compensation where the injury occurs while the employee is traveling between his residence and normal place of employment would not be applied.

In this case the evidence as to who sponsored, arranged and financed the party is highly conflicting but it fails to show that there was compulsion of the employees to attend the party. We do not, however, bother to detail the facts touching on whether attendance at the Christmas party was incidental to the decedents' employment because the evidence fails to show that the airplane ride was incidental to the employment or the party.

The record shows that Traudt, who was learning to be a pilot, had purchased the Beechcraft Bonanza shortly before the accident. About the time the party started, he had his airplane brought to Meigs Field to give passenger rides to the people at the office party. While he was at the party, he invited a large number of the 100 to 125 people at the party to fly with him. Apparently Traudt invited Cohn and Majewski although no one testified they heard that invitation. Miss Platt testified that she invited herself.

The appellees argue that the airplane ride was a planned part of the recreational activities of the party, that taking customers and fellow employees for an airplane ride became part of Traudt's duties at Winter & Hirsch and that Traudt was acting under the direction of his employer at the time of the crash. There is nothing in the record to support these contentions. The employer asserts, on the other hand, that Traudt and his passengers were on a frolic of their own and were strangers to their employment at the time of the crash.

The record supports this assertion. *U.S. Industries, Production Machine Div.* v. *Industrial Com.*, 40 Ill.2d 469; *Checker Taxi Cab Co., Inc.* v. *Industrial Com.*, 45 Ill.2d 4.

The decision of the Industrial Commission is against the manifest weight of the evidence The judgment of the circuit court of Cook County is therefore reversed and the awards are set aside.

*Judgment reversed; awards set aside.*