(No. 51320.-

FERD HUMPHREY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Contracting & Material Co., Appellee).

*Opinion filed June 29, 1979.*

Zanoni, Flynn, McElvain & Prall, of Bloomington (Mike McElvain, of counsel), for appellant.

Cohn, Cohn, Lambert & Phillips, of Chicago (Louis J. Cohn and Julie Badel, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

The claimant, Ferd Humphrey, was injured late in the evening in a single-vehicle accident after leaving the construction site where he was employed by the respondent, Contracting & Material Co. Both an arbitrator and the Industrial Commission found in favor of the respondent, and the circuit court of Cook County confirmed the decision. The only issue is whether the Commission's decision that the claimant's injury had not arisen out of and in the course of his employment by respondent was

contrary to the manifest weight of the evidence. We think it was not. The facts are not in dispute, but the inferences to be drawn from them are.

The claimant was employed by the respondent as a timekeeper, and lived in El Paso, about 113 miles from the Rockford area, where respondent was constructing steel towers and lines to carry electrical current. His duties required him to be at the construction site daily to make out progress reports, answer the phone, order parts and do the payroll. While on the job during the workweek, he stayed at a motel, but traveled home each weekend. On Wednesday, September 3, 1975, the day before the injury, the claimant, apparently with the knowledge of respondent's job superintendent, returned to El Paso after work "because it was a pretty day[,] *** I had got off early, and had some things I needed to take care of." On Thursday, September 4, the claimant arose at 4 a.m., returned to Rockford, and worked until 6:30 p.m. Because some of the workers were leaving for another construction project, an impromptu party developed inside and outside the trailer office. The group included a superintendent, general and job foremen, steward and workers. Although he did not customarily attend such parties, which respondent agrees were not uncommon, claimant stayed because previous parties resulted in disarranged records and papers. He was not instructed to stay, and he did no actual work. Between 6:30 and 11:30 p.m., claimant rolled dice, drank beer, left the party to buy beer, left again to buy pizza (which he did not get) and more beer, and ate a little food at the trailer. (Between 4:30 and 6:30 p.m., claimant had two drinks of whiskey with the job superintendent.) At 11:30 p.m., claimant departed for his motel, 16 miles away, where he had a reservation. On the way, he decided he would be unable to drive the entire 16 miles because he was sleepy, and so he turned around to return to the site. Approximately four miles from the construction site, he

fell asleep, went off the road, awoke in the vehicle, got out and walked toward a man, whom he recognized as a police officer, who was approaching him. He suffered facial laceration, concussion and fracture of vertebrae.

"The Workmen's Compensation Act was not intended to insure employees against all accidental injuries" but only those arising out of and occurring in the course of employment. (*Ace Pest Control, Inc. v. Industrial Com.* (1965), 32 Ill. 2d 386, 388.) The issue of whether or not an injury arose out of and in the course of employment is for the Commission to decide, and its findings will not be disturbed on review unless they are contrary to the manifest weight of the evidence. (*Bradford Supply Co. v. Industrial Com.* (1971), 50 Ill. 2d 190, 194.) We "will not disregard permissible inferences drawn by the Commission, because different inferences might reasonably be drawn from the same facts." (*Malco, Inc. v. Industrial Com.* (1976), 65 Ill. 2d 426, 430.) Normally, accidents which occur while an employee is traveling to or from employment are not compensable, but this rule is inapplicable in those cases in which the employment requires the employee to be traveling or away from the employer's regular premises. (*David Wexler & Co. v. Industrial Com.* (1972), 52 Ill. 2d 506, 510; *U.S. Industries v. Industrial Com.* (1968), 40 Ill. 2d 469, 474.) In cases of traveling employees, the determination of whether the injury is in the course of employment "depends upon the reasonableness of the specific conduct and whether it might normally be anticipated or foreseen by the employer." *U.S. Industries v. Industrial Com.* (1968), 40 Ill. 2d 469, 475 (where this court determined that the injury of an employee who was sent to Pennsylvania was not compensable because it occurred while he was on a late-night pleasure drive in the mountains). Accord, *Ace Pest Control, Inc. v. Industrial Com.* (1965), 32 Ill. 2d 386, 388-90; *David Wexler & Co. v. Industrial Com.* (1972), 52

Ill. 2d 506, 510; *Wright v. Industrial Com.* (1975), 62 Ill. 2d 65, 69-71.

We cannot say that the Commission incorrectly found claimant's conduct was unreasonable and unforeseeable by the employer, and that therefore its inferences are impermissibly drawn from the facts here. The Commission could have reasonably concluded the claimant lacked sleep and might have drunk excessively; that the lack of sleep and the drinking were unreasonable and unforeseeable on a working day (Thursday); that claimant's attendance at the "party" was not expected (because it was not customary for him) and therefore unforeseeable because it occurred on a working day and developed in an admittedly impromptu fashion (*cf. Givenrod-Lipe, Inc. v. Industrial Com.* (1978), 71 Ill. 2d 440, where we found work-related and compensable deceased's accident during travel from a social dinner meeting because the dinner was scheduled by the employer, at a place other than the employer's premises, and his attendance was expected); and that his possible intent to prevent company records from loss or disorder was belied by his joining in the festivities and leaving twice to purchase beer.

For these reasons we affirm the judgment of the circuit court.

*Judgment affirmed.*