(No. 51375.—

JOHNSON OUTBOARDS, Appellant, v. THE INDUS-
TRIAL COMMISSION *et al.* (Kenneth Degeneffe,
Appellee).

*Opinion filed September 19, 1979.*

Gifford, Detuno & Gifford, of Chicago (Joseph A. Garofalo and James F. Gorman, of counsel), for appellant.

May, Decker & Associates, Ltd., of Waukegan (Gerald G. Jutila, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

An arbitrator for the Industrial Commission found that claimant, Kenneth Degeneffe, had suffered a back injury arising out of and in the course of employment. On review, after admitting medical records, the Industrial Commission affirmed the arbitrator's decision and ordered that it stand as the decision of the Industrial Commission. On *certiorari,* the circuit court of Lake County confirmed the decision of the Commission. The respondent employer appealed pursuant to Rule 302(a). 58 Ill. 2d R. 302(a).

Respondent contends that the claimant did not establish by a preponderance of the evidence that he suffered an injury arising out of and in the course of his employment. Also, respondent contends that the award of the Industrial Commission is against the manifest weight of the evidence.

The claimant was the only witness in his behalf. He testified that on Saturday, May 29, 1976, he was working as a die cast maker. At 2 p.m., an hour before his shift was to end, he was removing bolts from a large die with a heavy wrench and a long pipe when he "felt a twitch" in his back. Claimant approached his supervisor, Frank Staczyk, and told him about the twitch. The claimant finished working the hour remaining on his shift and went home. The next day, Sunday, May 30, 1976, he felt pain in his lower back and right leg. He called his doctor on Memorial Day, May 31, 1976, and made an appointment to see the doctor the following day at St. Therese's

Hospital. At the hospital the claimant saw and spoke to an assistant supervisor of respondent, Tony Zupansic. Zupansic testified that the claimant was limping and appeared to be in pain. The claimant was admitted to the hospital on June 1, 1976.

On either June 3 or June 4, the claimant called Staczyk on the telephone to inform him that he would not be able to work for the next two months. Staczyk testified that he made a note of this conversation and that it was never mentioned that the injury was work related. The claimant was treated for a herniated intervertebral disc and discharged from the hospital on June 12, 1976.

On June 15, 1976, claimant filled out a "Weekly Income Claim" in order to receive weekly insurance benefits from respondent's nonoccupational group insurance carrier. In that form the claimant responded to the question "When did you become wholly unable to work?" with "5/31/76," "2:00" p.m. As to whether the disability was due to accident or sickness, the claimant responded with a question mark. The claimant did not answer a question which asked whether the disability arose out of his employment.

On August 9, 1976, the claimant returned to work. On that day he signed an "Employee's Report of Accident" form. In it, he stated that he suffered back injuries on May 29, 1976, at 2 p.m. in the tool room while taking an intermediate die apart.

The respondent contends that the claimant did not prove that his injury arose out of and in the course of employment by a preponderance of the evidence. Respondent argues that Staczyk's testimony and the answers given by the claimant on the two accident forms substantially rebut the claimant's case.

The burden is upon the claimant to prove by a preponderance of credible evidence the elements of his claim, particularly the prerequisite that the injury com-

plained of arose out of and in the course of employment. (*Illinois Institute of Technology v. Industrial Com.* (1977), 68 Ill. 2d 236, 245-46.) The issue of whether an injury arose out of and in the course of employment is for the Commission to decide. (*Humphrey v. Industrial Com.* (1979), 76 Ill. 2d 333, 336.) The court will not reject the finding of the Commission that there was an accidental injury which arose out of and in the course of employment even though different inferences might also be reasonably drawn, unless it is against the manifest weight of the evidence. (*National Lock Co. v. Industrial Com.* ('1979), 75 Ill. 2d 259, 264.) The words "arising out of" refer to the causal connection between the employment and the accidental injury while the term "in the course of" refers to the time, place and circumstances under which the accident occurred. *Lynch Special Services v. Industrial Com.* (1979), 76 Ill. 2d 81, 86.

The Commission found as a fact that the claimant suffered a back injury arising out of an accident which occurred on May 29, 1976, while the claimant was performing work for the respondent. The Commission based its finding on the testimony of the claimant and the medical records admitted into evidence which showed that the claimant had been treated for a herniated interverte-bral disc shortly after the accident. While there is some conflict between the testimony of claimant and Staczyk, and some ambiguity in the responses to some questions, those are questions of fact to be resolved by the Commission. (*Walden v. Industrial Com.* (1979), 76 Ill. 2d 193, 196.) In any case we do not agree, as respondent suggests, that the question asking when the claimant became "wholly unable" to work is equivalent to a question which asks when the claimant was injured.

It is the peculiar province of the Commission to determine the credibility of witnesses (*Scott v. Industrial Com.* (1979), 76 Ill. 2d 183, 185), to decide questions of

fact and to draw reasonable inferences (*Thrall Car Manufacturing Co. v. Industrial Com.* (1976), 64 Ill. 2d 459, 463). The court will not substitute its judgment for that of the Industrial Commission. (*J. J. Grady Co. v. Industrial Com.* (1970), 46 Ill. 2d 471, 473.) The decision of the Commission has support in the record and is not against the manifest weight of the evidence. We therefore affirm the judgment of the circuit court of Lake County.

*Judgment affirmed.*