464

(No. 51319.–

INTERLAKE, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Jerry D. Rainey, Appellee).

*Opinion filed November 21, 1979.*

Robert E. Maciorowski, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant.

Chase & Werner and Vitell, Greenfield, Johnson & Goldstein, of Chicago (Louis S. Goldstein and Richard O. Greenfield, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

Jerry D. Rainey, claimant, sought a workmen's compensation award for injuries he allegedly received during his employment with Interlake, Inc., on October 4, 1974. An Industrial Commission arbitrator awarded claimant $113.40 per week for a 32 5/7-week period of temporary total incapacity for work, plus $3,411.90 for medical expenses. Interlake sought review by the Commission which, after taking additional evidence, found that claimant's accidental injury caused his complete disability, rendering claimant wholly and permanently incapable of work. The Commission awarded claimant $88.90 per week for 323 weeks and $13.30 for one week and, thereafter, a

life pension of $3,447.36 annually, payable in 12 equal monthly installments of $287.28. The Commission also increased Interlake's liability for claimant's medical expenses to $6,241.45. The circuit court of Cook County confirmed the decision of the Commission, and Interlake has sought review before this court pursuant to Rule 302(a). 58 Ill. 2d R. 302(a).

Interlake contends (1) that claimant failed to prove an accidental injury in that the evidence did not trace his alleged injury to a definite time, place and cause; and (2) that the Commission's award and its finding that claimant is totally and permanently incapable of work are against the manifest weight of the evidence.

Claimant, 42 years of age, was working as a coilerman for Interlake. He testified that he injured his lower back while prying coils off of a machine with the use of a "2 by 4." Shortly thereafter, claimant reported to his foreman that he had hurt his back. The foreman sent him to the company nurse, who gave claimant a heat treatment, after which he went home. Three days later, at the company's request, claimant returned to Interlake, but remained for just two days and performed no work during that period. Claimant has not worked at any time since. He has been under the care of several doctors and has undergone extensive tests and treatments for his back in several hospitals and clinics. Claimant's treatments included a lumbar laminectomy.

The frequency with which the legal principles applicable to this type of case have been announced obviates their restatement here. We note that claimant testified at both the arbitration hearing and at the proceedings before the Commission. Reports of two examining physicians, one on claimant's behalf and the other on Interlake's behalf, were admitted at the arbitration hearing. Both examining physicians also testified personally before the Commission. We have examined this testimony and the remainder of the

466

record and conclude that the Commission's finding that claimant's injury arose out of and in the course of his employment with Interlake was not contrary to the manifest weight of the evidence. (See *Johnson Outboards v. Industrial Com.* (1979), 77 Ill. 2d 67, 71-72.) We reach the same conclusion with regard to the Commission's finding that claimant thereby became totally and permanently disabled. (See *C. R. Wikel, Inc. v. Industrial Com.* (1977), 69 Ill. 2d 273, 278-79; *Consolidated Freightways, Inc. v. Industrial Com.* (1976), 64 Ill. 2d 312, 318-20.) Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*