(No. 38627.—

THE COUNTY OF PEORIA, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(KATHLEEN L. KUCZYNSKI, Appellee.)

*Opinion filed November 24, 1964.*

HEYL, ROYSTER, VOELKER & ALLEN, of Peoria, (LYLE W. ALLEN, of counsel,) for appellant.

KELLSTEDT & YOUNG, of Peoria, for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This appeal from the circuit court of Peoria County which confirmed an award of the Industrial Commission of Illinois to Kathleen L. Kuczynski, widow of Walter

Kuczynski, presents the sole question whether, as a matter of law, Walter Kuczynski met his death in an accident arising out of and in the course of his employment within the meaning of the Workmen's Compensation Act under which the parties stipulated they were operating.

Decedent was employed by the county of Peoria as a deputy sheriff. His regular duty was as juvenile officer and he was in charge of the county's juvenile office, working from 9:00 A.M. to 5:00 P.M., Monday through Friday. The testimony established that all of the deputies as well as the sheriff were considered "on call" 24 hours a day at any time the need arose although, generally, each worked an eight-hour day at his regular duty. Moreover, it was the duty of each deputy sheriff to assist in controlling traffic and in accidents or other situations involving motorists in distress, whether they were then performing their regular duty or not. When off duty the deputies were required to report their movements to the office so that they could be reached if needed.

On Saturday evening, October 7, 1961, decedent was ticket chairman for and present to assist at the annual fund-raising dance held by the Peoria County Sheriff's Association at a barn in Peoria County. The association is a nonprofit organization which solicits and raises funds which are used to provide uniforms and additional equipment not provided by the county for the sheriff's office.

Following the dance Peoria County Sheriff Ray Trunk invited a number of persons, most of whom were employed by him, to join him for breakfast at his cottage which was located between the site of the dance and the city of Peoria. About midnight and thereafter, some 20 to 25 persons gathered at the sheriff's cottage. About 2:15 A.M., while Sheriff Trunk, deputies Chitwood, Clevenger, Unes, decedent and several others were eating bacon and eggs in the kitchen of the sheriff's cottage, someone entered and said that a car was in the ditch in front of the house. Ac-

cording to the testimony of those present, Sheriff Trunk said: "Let's go out and give them a hand", or something to that effect.

Sheriff Trunk, a number of deputies, the sheriff's grown son, a man named Marks who was the husband of an office employee, and the decedent, all went out to assist. Apparently, one of the employees of the sheriff's office coming to the breakfast had missed the driveway, and her car had entered the ditch in a southerly direction with its tail end projecting partially into the inside northbound lane of Highway 29 which ran in a north-south direction past the cottage.

The sheriff directed deputy Chitwood to get into the car and drive it while he and the others attempted to push it out of the ditch. The testimony indicated that Sheriff Trunk informally took charge of the extrication attempt. While attempting to push the car from the rear, deputy Kuczynski was struck and killed instantly by a northbound auto.

Appellant contends that the decedent met his death in an accident which neither arose out of nor in the course of his employment, and that he was subjected to the accident by virture of risks to which the general public is exposed and not by reason of his employment. We cannot agree.

Had decedent stopped to aid a distressed motorist in Peoria County when returning home with his wife from a movie in the early morning hours of October 8, 1961, and been killed, as here, while giving such aid, he would have been within the ambit of the Workmen's Compensation Act. While there is no legal duty upon a member of the general public to stop and give aid, (38 Am. Jur., Negligence, sec. 16), the proof established the existence of such duty upon all deputies in the Peoria County sheriff's office. It is the presence of that duty here which, in our judgment,

distinguishes decedent from a member of the general public in his assistance at the scene of this accident, and exposed him to a risk greater than that faced by the public generally.

Appellant cites, in support of its contention that the death here did not "arise out of and in the course of" decedent's employment, the cases of *Klug* v. *Industrial Com.* 381 Ill. 608; *Loyola University* v. *Industrial Com.*, 408 Ill. 139, and *Mills* v. *Industrial Com.* 27 Ill.2d 441. Without undertaking a detailed review of these decisions, we believe each clearly distinguishable.

No incompatibility exists between *Klug* and our conclusion here. The claimant there was injured by a defective door on her personal car which she was leaving after having parked it on a public street preparatory to entering the school where she was employed. As the court there observed, the employer was exercising no control over her at the time of injury, and "the risk in which the accident had its origin was not connected with her employment in any manner".

*Loyola* held an employee on 24-hour call and living on university property not entitled to compensation for injuries sustained on the grounds and while the employee was not performing any of the duties of his employment but simply walking around "killing time" some four hours before his regular duties commenced. Here the decedent was not only on 24-hour call but actually performing a duty incidental to his employment—that of assisting in attempting to remove an incompletely ditched car which partially blocked the highway.

In *Mills* the claimant was injured on the employer's property, but on a day when his employment duties did not require him to work at all; it was neither "within the time of his employment" nor "was the activity being performed under the employer's control or supervision".

Here not only was the activity an incidental employment duty, but the superior officer was present and in charge of the operation.

In our opinion the death here arose out of and in the course of decedent's employment as a deputy sheriff. He was responding to his superior's suggestion to "go out and give a hand"; he was on call 24 hours a day; aiding distressed motorists and vehicles was one of the normal, incidental functions of all deputy sheriffs in that office regardless of decedent's more specialized duty; and, lastly, although we believe the result unchanged were decedent acting alone, he was here acting in concert with others similarly employed under the direction of his superior.

The judgment of the circuit court of Peoria County conforms to the law and the evidence and is hereby affirmed.

*Judgment affirmed.*