(No. 43893.—

WALLACE TORBECK *et al.,* Appellants, v. THE INDUS-TRIAL COMMISSION *et al.*—(Evangeline Rine, Appellee.)

*Opinion filed November 30, 1971.*

KIEFE and DE PAULI, of East St. Louis, for appellants.

J. RICHARD ROYAL, of Vandalia, for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

An arbitrator for the Industrial Commission found that Evangeline Rine was entitled to Workmen's Compensation benefits by reason of injuries that she sustained on October 30, 1967, while she was employed by the appellants, Wallace and Audrey Torbeck, the owners and

operators of "Wally's Bargain Center" in Vandalia, Illinois. The Commission affirmed the decision of the arbitrator, and the circuit court of Fayette County confirmed the order of the Commission. The employers have appealed. Ill. S. Ct. Rule 302(a)(2).

Neither the operative facts nor the extent of the injuries are disputed. The claimant had been employed by the Torbecks for approximately a year and a half as a clerk in their general discount store in Vandalia. She was the only employee in that store, and Mrs. Torbeck would inform her each day as to the hours she would be required to work. Basically, she worked during the times that Mrs. Torbeck was not present, and during those times she had full control of store. When she worked until 9 P.M. it was necessary for her to eat in the store while she continued working. Sometimes she brought her lunch and sometimes she ordered it from local restaurants. She paid for the food, and was paid her normal wage for the time she spent picking up her lunch and eating it.

When the claimant went to work on October 30, 1967, between 2 and 3 P.M., she did not know whether she would be required to work until 7 or until 9 o'clock that evening. She did not bring her lunch. At approximately 6:30 P.M. Mrs. Torbeck came to the store and told her that she would have to work until 9 P.M. because Mrs. Torbeck was going to play bingo that evening. Mrs. Torbeck suggested that she get something to eat from a restaurant across the street. Mrs. Torbeck asked her little daughter to pick up the claimant's lunch but it was raining and the child refused. Mrs. Torbeck then told the claimant that she should pick up the food herself. While the claimant was crossing the street which separated the store and the restaurant to pick up the food she had ordered by phone, she was struck by an automobile and seriously and permanently injured.

The situation thus presented differs from the ordinary case of an injury suffered by an employee during his lunch

hour. This claimant's presence in the street at the time of her injury was occasioned by the demands of her employment. The quick trip across the street to the restaurant was undertaken primarily for the benefit and accommodation of her employer since it was necessary that the claimant bring her lunch back to the store so that she could continue her work without taking time off to eat. The Commission and the circuit court properly held that her injuries arose out of and in the course of her employment, and the judgment of the circuit court of Fayette County is affirmed.

*Judgment affirmed.*