(No. 53747.—

JOHN SIENS, Appellant, v. THE INDUSTRIAL COMMIS-SION *et al.* (The Village of Biggsville, Appellee).

*Opinion filed March 18, 1981.*

Winstein, Kavensky, Wallace & Doughty, of Rock Island (Harrison H. Kavensky, of counsel), for appellant.

Lucas, Brown & McDonald, of Galesburg (Harry C. Bulkeley, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

The claimant, John Siens, was injured on October 27, 1976, when his shotgun accidentally discharged, injuring him in the right leg. He filed an application for adjustment of a claim with the Industrial Commission. After a hearing, the arbitrator entered an award of $108.30 per week for a period of 45 3/7 weeks for temporary total disability, and $86.10 per week for 150 weeks for 75% permanent loss of the use of claimant's right leg. The claimant has been paid $2,178 on account of the injury. Additionally, the arbitrator awarded the claimant $13,386 in medical expenses. The Industrial Commission heard additional testimony from the claimant and another witness. It then reversed the arbitrator's decision and held for naught the award. The circuit court of Henderson County confirmed the Commission's decision. The claimant appealed pursuant to Rule 302(a) (73 Ill. 2d R. 302(a)). We affirm.

The claimant was the sole employee of the village of Biggsville. He was employed as the village marshal as well

as the maintenance man. On October 27, 1976, the claimant was in his driveway at home. He had removed his shotgun from the truck which he used when acting as the village marshal and placed it in his personal car. He sat in the driver's seat of the car and, with his right leg, shoved the encased shotgun over on the seat. As he did so, the weapon discharged, shooting him in the right leg. According to the testimony given before the Commission by Earl Mitchell, the ambulance attendant, the claimant said on the way to the hospital that he was injured while preparing to go hunting. In addition, one of the treating doctor's reports stated that the claimant was going duck hunting when he accidentally shot himself. Finally, the village president, Max Lant, testified before the arbitrator that the claimant told him, while still incapacitated in the hospital, that he had intended to go duck hunting when the accident occurred.

The claimant testified before the arbitrator that he was on his way to pick up a part to repair a broken village water main from the May Company in Galesburg when the accident occurred. He also said that he intended to pick up one of his hunting dogs from its kennel.

The claimant argues on appeal that since he was planning to go to Galesburg to pick up the replacement part when the accident occurred, the Commission's decision is contrary to the manifest weight of the evidence. Also, the claimant argues that since, as a peace officer, he is on call 24 hours a day, his injury occurred in the course of his employment, and the Commission's decision to the contrary is in error.

The pertinent part of the Commission's order states "[t]hat the [claimant] failed to prove that he sustained accidental injuries arising out of and in the course of his employment on October 27, 1976." We must assume that the Commission weighed the conflicting evidence and concluded that the claimant was going duck hunting and not

to pick up the replacement part. That finding is clearly supported by the evidence. We will not disturb a factual evaluation of the Commission unless it is contrary to the manifest weight of the evidence. *Goldblatt Bros., Inc. v. Industrial Com.* (1979), 78 Ill. 2d 62, 67.

We also do not think that the fact that the claimant was the village marshal warrants a different result. While it is generally true that a peace officer, such as a village marshal (Ill. Rev. Stat. 1975, ch. 24, par. 3—9—4), is on call 24 hours a day (*County of Peoria v. Industrial Com.* (1964), 31 Ill. 2d 562, 566), and that, generally, he is permitted to carry a weapon at all times (*Arrington v. City of Chicago* (1970), 45 Ill. 2d 316, 318), it does not necessarily follow that every injury suffered by a peace officer is compensable. Any injury must still be incidental to one's employment as a peace officer.

In *Jones v. Industrial Com.* (1980), 78 Ill. 2d 284, an employee closed his car door on his hand while alighting from his automobile. The resulting injury was held not to be compensable because it did not originate in some risk connected with, or incidental to, his employment. 78 Ill. 2d 284, 286.

A case relied upon by claimant is *County of Peoria v. Industrial Com.* (1964), 31 Ill. 2d 562. There the claimant's decedent was a deputy sheriff employed as a juvenile officer by Peoria County. He was ticket chairman for and present to assist at the annual fund-raising dance held by the Peoria County Sheriff's Association. Following the dance, the sheriff invited several persons, including the decedent, to join him for breakfast at his cottage. While they were eating breakfast, someone entered the cottage and said that a car was in a ditch in front of the house. The sheriff, the decedent, and several other people went out to help the distressed motorist. As he was helping to push the car, the decedent was struck and killed by a passing car.

This court held the decedent's fatal accident to be

compensable. It stated:

> "In our opinion the death here arose out of and in the course of decedent's employment as a deputy sheriff. He was responding to his superior's suggestion to 'go out and give a hand'; he was on call 24 hours a day; aiding distressed motorists and vehicles was one of the normal, incidental functions of all deputy sheriffs in that office regardless of decedent's more specialized duty; and, lastly, although we believe the result unchanged were decedent acting alone, he was here acting in concert with others similarly employed under the direction of his superior." (31 Ill. 2d 562, 566.)

The instant case is readily distinguishable. The claimant was not performing an act incidental to his employment when the shotgun discharged. Instead, he was preparing to pursue a diversion unrelated to his job with the village. The injury he suffered did not occur in the course of his employment. Accordingly, the judgment of the circuit court of Henderson County, which confirmed the Commission's decision, is affirmed.

*Judgment affirmed.*