(No. 55842.—

JEAN ROSENBAUM, Appellant, v. THE INDUSTRIAL
COMMISSION *et al.* (The Board of Education of the
City of Chicago, Appellee).

*Opinion filed November 18, 1982.—Rehearing
denied January 28, 1983.*

Jean Rosenbaum, *pro se.*

Patricia J. Whitten, of Chicago (Reginald D. Taylor, of counsel), for appellee.

JUSTICE MORAN delivered the opinion of the court:

Claimant, Jean Rosenbaum, sought workmen's compensation as the result of an alleged injury she sustained while in the employ of the respondent, the Chicago board of education. Claimant appeared *pro se* throughout the proceedings. An arbitrator found that she failed to prove her injury arose out of or in the course of her employment and therefore denied compensation. On review, the Industrial Commission affirmed and adopted the decision of the arbitrator. The circuit court of Cook County confirmed the decision of the Commission, and claimant brought a direct appeal to this court (73 Ill. 2d R. 302(a)).

The primary issues raised on review are: (1) whether the arbitrator erred in failing to issue a *dedimus potestatem*; and (2) whether claimant's injury arose out of and in the course of her employment.

Claimant testified that on November 3, 1975, she was employed by respondent as a substitute teacher. She signed out at the office at 3 p.m. that afternoon and proceeded home. When she was approximately one-half block from school, and on the other side of the street, two youths stole her purse. During the scuffle, claimant was knocked to the ground and hit her head on the sidewalk. She visited Michael Reese Hospital the following day because of possible back and leg injuries. She made

no complaint concerning her head. The doctor informed claimant that she should rest. She subsequently took a leave of absence from her employment and returned to work in January of 1976.

Claimant further testified that on March 20, 1976, she developed an infection. Two days later she experienced a sudden deafness in her left ear. She consulted a doctor the following day, who indicated that her condition was due to a cold, and ear-wax buildup. He prescribed eardrops, and claimant subsequently visited another doctor, who removed the ear wax. He stated that her hearing loss was probably caused by a virus, and claimant was thereafter hospitalized. After she was released from the hospital, she consulted another physician, who also believed that her condition resulted from a viral infection. Certain hospital records and a letter written by one of claimant's doctors indicate that there is no known cause for claimant's hearing loss.

Dr. Irving Abrams, a witness for respondent, was the only physician who testified before the arbitrator. He testified that, as an assistant to the Chicago Health Department, major communicable diseases of pupils are brought to his attention. He stated that a great percentage of hearing losses are idiopathic (result from an unknown cause), and that teachers are no more prone to a hearing loss than the public at large.

On cross-examination, Dr. Abrams testified that teachers may be more exposed to childhood diseases than other individuals. He also stated that childhood diseases could cause temporary hearing loss, but "communicability from a child with a common contagious disease to an adult as a general rule would not cause loss of hearing in an adult."

Claimant first contends that, pursuant to her request, the arbitrator was required to issue a *dedimus potestatem* to secure the testimony of her treating physicians.

Section 16 of the Workmen's Compensation Act provides, in part:

> "The Commission upon application of either party *may* issue dedimus potestatem directed to a commissioner, notary public, justice of the peace or any other officer authorized by law to administer oaths, to take the depositions of such witness or witnesses as may be necessary in the judgment of such applicant. Such dedimus potestatem may issue to any of the officers aforesaid in any state or territory of the United States." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 48, par. 138.16.)

This provision does not automatically require issuance of a *dedimus potestatem* any time an applicant requests the same. The wording of the statute indicates that the Commission *may*, in its discretion, allow evidence to be presented by way of deposition. In the instant case, the physicians were located in Illinois and were otherwise available to testify. Claimant could have subpoenaed the doctors. She refused to do so because of the cost involved; because she claimed they were unaware of the cause of her illness; and because doctors are "busy" men and it is therefore "unfair to doctors to drag them in." Confronted with these reasons, the arbitrator was justified in refusing to issue the requested *dedimus potestatem*.

In a related contention, claimant argues her constitutional rights were violated in that the arbitrator erroneously determined that the "in-person" testimony of a physician is necessary to support an award. The record does not support this contention. The arbitrator merely advised claimant to secure medical testimony because "if you don't bring in doctors, you weaken your own case." Throughout the proceeding, claimant was warned that she was failing to submit relevant evidence establishing a relationship between her hearing loss and employment conditions. Further, the arbitrator agreed to allow claimant to submit medical reports, upon agreement with respondent, in lieu of medical testimony. Similarly, neither the arbitrator nor

the Commission "coerced" claimant into retaining counsel to represent her. They merely pointed out that it would be in her best interests to do so. Contrary to claimant's assertion, we do not believe that the arbitrator violated any of her constitutional rights.

The final issue is whether claimant proved that her injury arose out of and in the course of her employment. Claimant presents two theories in support of her position that her hearing loss is causally related to her employment. First, she argues that her injury resulted from the blow to her head suffered during the robbery on November 3, 1975. Alternatively, she claims that her hearing loss is a result of her teaching duties because: (1) She was exposed to numerous students with childhood diseases; (2) the schools in which she taught maintained unsanitary conditions; and (3) the school rooms were overheated and she was thus exposed to extreme hot and cold temperatures when she left the school building.

Respondent argues that claimant failed to adduce any competent evidence to prove that her injury arose out of and in the course of her employment. It submits that her theories of causation are improperly based upon speculation and conjecture. We agree.

It is well established that "[t]he burden is upon the party seeking an award to 'prove by a preponderance of credible evidence the elements of his claim, particularly the prerequisite that the injury complained of arose out of and in the course of his employment.' " (*Illinois Institute of Technology v. Industrial Com.* (1977), 68 Ill. 2d 236, 245-46, quoting *Hannibal, Inc. v. Industrial Com.* (1967), 38 Ill. 2d 473, 475.) An injury may be said to "arise out of" employment when it is "related to a risk inherent in or incidental to the [claimant's] employment duties." (*Greene v. Industrial Com.* (1981), 87 Ill. 2d 1, 5; *Wise v. Industrial Com.* (1973), 54 Ill. 2d 138, 142.) There must be a causal connection between the employment and the injury. (*Asso-*

*ciated Vendors, Inc. v. Industrial Com.* (1970), 45 Ill. 2d 203, 205.) An injury occurs "in the course of" employment when it is sustained during the period of employment and while the claimant is performing duties reasonably connected to his occupation. *E.g., Segler v. Industrial Com.* (1980), 81 Ill. 2d 125, 128.

Contrary to claimant's assertion, we do not find that the robbery arose out of or in the course of her employment. At the time she was attacked, claimant had completed her teaching duties for the day. Indeed, the robbery did not even take place on school property; it occurred one-half block away on the opposite side of the street. Under these circumstances, the physical assault was not a risk inherent in, or incidental to, her teaching duties. Rather, it was a hazard to which other members of the public could be equally exposed. (See *State House Inn v. Industrial Com.* (1965), 32 Ill. 2d 160, 163-64.) Further, there was no evidence indicating that the blow to her head resulted in claimant's hearing loss.

Likewise, there is insufficient evidence that claimant's hearing loss is causally connected to her teaching duties. As previously noted, the only doctor who testified at the hearing indicated that teachers are no more prone to a hearing loss than other members of the public. Although evidence tended to establish that claimant's condition is due to a virus, there is simply no indication that she contracted the illness from a child with a contagious disease. Nor does the evidence prove that her apparent infection resulted from overheating or unsanitary conditions at the schools in which she taught. All of claimant's theories represent "mere possibilities, which [are] not sufficient under the Act to establish a connection between the employment activities and the claimant's condition." *County of Cook v. Industrial Com.* (1977), 68 Ill. 2d 24, 31, citing *Sanitary District v. Industrial Com.* (1931), 343 Ill. 236.

On review, this court is limited to a consideration of

whether the Commission's decision is contrary to the manifest weight of the evidence. (*Greene v. Industrial Com.* (1981), 87 Ill. 2d 1, 6; *Peavey Co. Flour Mills v. Industrial Com.* (1976), 64 Ill. 2d 252, 256; *Irving v. Industrial Com.* (1974), 59 Ill. 2d 207, 210.) The Commission determined that claimant's injury did not arise out of or in the course of her employment, and this decision is supported by the evidence.

Accordingly, for the reasons given, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*