COULTER A. KELLER, Appellant, *v.* THE INDUSTRIAL COMMISSION *et al.* (Sheriff's Department, Crawford County, Appellee).

Fifth District (Industrial Commission Division)   No. 5—84—0101WC

Opinion filed June 12, 1984.

Brent D. Holmes, of Harlan Heller, Ltd., of Mattoon, for appellant.

James A. Thoenen, of Evans and Dixon, of St. Louis, Missouri, for appellee.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The claimant, Coulter A. Keller, a deputy sheriff for Crawford County, was injured in an automobile collision while driving his personal car from his home on his regular route to the sheriff's office. He contended that just prior to the accident it was his intention to pursue the other car to issue a ticket for reckless driving in accordance with a written policy of the sheriff's department and a State statute (Ill. Rev. Stat. 1983, ch. 125, par. 82). The arbitrator found that the relationship of employee-employer did not exist at the time of the accident and dismissed the claim. The Industrial Commission reversed the finding of the arbitrator and found that the employee-employer relationship existed because the claimant was on call 24 hours a day, was required to make arrests outside of shift hours, and carried a police light and police radio in his personal car. The Commission, however, denied the claim, based on what it considered a conflict between Keller's statement that he was about to pursue the other driver

and his statement that he was avoiding a collision. The circuit court confirmed the Commission and the claimant appeals.

The sole issue on appeal is whether the decision of the Commission that the claimant's injury did not arise out of or in the course of his employment as a deputy sheriff was contrary to the manifest weight of the evidence. Recognizing that a peace officer is on call 24 hours a day, our supreme court has noted that, nevertheless, "[a]ny injury must still be incidental to one's employment as a peace officer." *Siens v. Industrial Com.* (1981), 84 Ill. 2d 361, 364.

The Commission found an internal conflict in the testimony of Keller. If there were, in fact, a conflict we would defer to the fact-finding function of the Commission under the familiar rule that where evidence can give rise to conflicting inferences, a reviewing court, although it might have drawn different inferences from the evidence, will not set aside a Commission finding unless it is against the manifest weight of the evidence. (See *Schultheis v. Industrial Com.* (1983), 96 Ill. 2d 340, 348.) We are, however, unable to find any conflict in Keller's testimony when it is taken in total context.

Keller testified that on March 3, 1978, at about 3:45 p.m., he was traveling on Cross Street, a narrow, two-lane road that was covered with ice and snow. While approaching the intersection of St. Petersburg Street, he saw a car (driven by Bill Young, Jr.) coming from the north. He said, "it was driving too fast on ice *** so, I pulled over into the end of St. Petersburg Street." He testified, "It was my intention when he got on past, I was going after him and ticket him for reckless driving." Keller explained that the other car had pulled out into his, Keller's, lane in order to pass two or three cars and that, at the same time, "I pulled off to the side *** I got clear off of South Cross [Street] into St. Petersburg Street." He further testified that the other driver "spun on around the right front corner just behind my front wheel, struck my car, the left end of the front bumper, and then on ice he skidded right on around into the side of my—we were both headed the—sideways." On cross-examination Keller was asked whether he took any other action prior to the collision, and he answered, "I tried to make *** my position safe until I could take after him." On redirect examination, Keller was asked whether there was any danger of an accident after he pulled off the street, to which he answered, "I thought there was because Mr. Young was skidding." When asked on redirect examination about his purpose for pulling off the street, Keller answered:

"I pulled for the express purpose of giving him a ticket after he got by me; anyone driving the way he was without any re-

gard for the safety of others is considered, by the law, to be reckless driving [*sic*]."

We find no reasonable inference to be drawn from Keller's testimony but that he pulled over so that he could turn around on the two-lane street and then pursue Young and give him a ticket after Young passed him. The fact that his decision to pull off the road to pursue a traffic offender also placed him in a position of greater safety does not support the inference that his conduct was not incidental to his employment. *Cf. Banks v. City of Chicago* (1973), 11 Ill. App. 3d 543, 549-50.

In addition to what it considered a conflict, the Commission in its decision also made the point that Keller did not activate his police light or radio. Again, we cannot conclude that the record supports a reasonable inference that his failure to use his equipment showed that he was not on sheriff's business at the time of the accident. The testimony in the record establishes only the fact that he had the equipment. Although the record contains no evidence of the precise time sequence, the nature of the emergency implies that Keller did not have time to activate his equipment.

The cases cited by the parties support our conclusion. In *Siens v. Industrial Com.* (1981), 84 Ill. 2d 361, the police officer whose gun accidentally discharged was found to be preparing to go duck hunting when the accident happened. The supreme court noted that the claimant "was preparing to pursue a diversion unrelated to his job with the village." (84 Ill. 2d 361, 365.) In *Wolland v. Industrial Com.* (1982), 91 Ill. 2d 58, an officer's gun discharged while he was on a drinking "bout," and the court noted that the "claimant was engaged in a diversion totally unrelated to his employment as a police officer, and had, in fact, been so engaged for several hours prior to his injury" (91 Ill. 2d 58, 64). In *Wolland* the supreme court also noted that "the case for compensation is significantly more persuasive when the activity in which the officer is injured in off-duty hours is one *** in which he might normally be engaged during on-duty hours." (91 Ill. 2d 58, 64.) In *Wolland* the court referred by way of analogy to *County of Peoria v. Industrial Com.* (1964), 31 Ill. 2d 562. In *County of Peoria*, the claimant's decedent was a deputy sheriff employed as a juvenile officer, and was on call 24 hours a day. After attending a dance, the decedent went to the sheriff's personal cottage for breakfast. While the decedent, the sheriff, and others were eating breakfast, they were called outside to help a distressed motorist push her car out of the ditch. While helping to push the car from the rear, decedent was struck and killed by a passing car. The court affirmed the award for

compensation, finding that the death arose out of and in the course of decedent's employment as a deputy sheriff in that he was on call 24 hours a day, aiding distressed motorists and vehicles was a normal function of such officers, and he was operating under a superior's suggestion or order. 31 Ill. 2d 562, 566.

Here, from the moment Keller sought to perform his proper duties, he was acting in the course of his employment. The fact that he was prevented from pursuing the other driver because of conditions which he shared with all others on the highway would not reduce duty to nonduty. In sum, we conclude that the purported internal inconsistency, which is not borne out by the record, and Keller's failure to activate his equipment do not form a basis for denying credibility to his repeated testimony that he was planning to pursue the other driver from the time he first observed the reckless conduct. The Commission's conclusion, therefore, is against the manifest weight of the evidence.

The judgment of the circuit court of Crawford County is vacated and the cause is remanded to the Industrial Commission with directions to conduct further proceedings to determine the award of compensation due the claimant.

Vacated and remanded.

McNAMARA, BARRY, WEBBER and KASSERMAN, JJ., concur.