JUDITH A. EALY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Kerasotes Theatre, Appellee).

Fourth District (Industrial Commission Division)   No. 4—88—0584WC

Opinion filed September 28, 1989.

Scheele, Cornelius & Associates, Ltd., of LaGrange, for appellant.

Heyl, Royster, Voelker & Allen, of Urbana (Edward M. Wagner and John D. Flodstrom, of counsel), for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

An arbitrator found that an injury sustained by the petitioner, Judith A. Ealy, had not arisen out of and in the course of her employment. The Industrial Commission (Commission) affirmed the arbitrator's decision, and the circuit court confirmed the Commission's decision. The petitioner appeals.

At the hearing before the arbitrator, the petitioner testified that on January 2, 1984, she was working as a relief manager for the respondent, Kerasotes Theatre. Her duties included supervising concession and box office personnel. The respondent owned two theaters in Mattoon, the Time and the Cinemas, which were located across the

street from each other. On that night she was working at the Time, although her duties sometimes required her to work at the Cinemas. Her shift began at 3:30 p.m. and was to end at 10 p.m.

The petitioner further testified that the respondent had a rule requiring that an employee working more than six hours must take a break. The time of the break was at the employee's discretion, and the employee was not paid for time spent while on break. The respondent did not allow employees to eat in the theater's foyer, nor did the respondent provide a break room.

The petitioner testified that she decided to take her break around 7:30 p.m. After she signed out, her husband, who was also an employee of Kerasotes Theatre, and petitioner's supervisor accompanied her to a Burger King restaurant one block west of the theater. While at the restaurant they discussed business matters. Around 8:30 p.m., they decided to go back to the theater. The petitioner intended to go to the Cinemas to pick up some box office reports and then return to the Time. The route she took from the Burger King was the same whether she intended to go to either theater.

She stated that as they walked down the alley leading from the Burger King she slipped and fell on some ice. Although her left arm and hip were hurt, she continued on to the Cinemas, where she picked up the box office reports. She then returned to the Time. Later in the evening, she went to the hospital and was told that she had broken her arm.

Robert Cope, the petitioner's supervisor, testified that employees were allowed to eat on the premises during breaks, but not in front of the customers. He also stated that the route the petitioner took from the Burger King to the location of her accident would be the same whether she intended to go to the Time or the Cinemas.

The petitioner argues on appeal that the Commission erred in finding that her accident had not arisen out of and in the course of her employment. She contends that since her trip back from the restaurant served a business purpose, the Commission should have found that she was entitled to compensation.

■■ ■ Although petitioner has framed the issue otherwise, the question before this court is whether the Commission's finding of noncompensability is contrary to the manifest weight of the evidence. Under the Workers' Compensation Act, workers shall only be compensated for injuries arising out of and in the course of their employment. (Ill. Rev. Stat. 1987, ch. 48, par. 138.2; *Lynch Special Services v. Industrial Comm'n* (1979), 76 Ill. 2d 81, 389 N.E.2d 1146.) Generally, off-premises injuries incurred while going to and coming

from an unpaid dinner break are not compensable. (*International Art Studios v. Industrial Comm'n* (1980), 83 Ill. 2d 457, 415 N.E.2d 1031.) An exception to this rule is when the trip is occasioned by the demands of the employment. (*Torbeck v. Industrial Comm'n* (1971), 49 Ill. 2d 515, 276 N.E.2d 344.) It is clear to us that the "dual-purpose trip" analysis (see 1 A. Larson, Workmen's Compensation Law §18.12 (1985)) as suggested by petitioner in this case does not apply. Rather, the guiding principle in determining whether petitioner's dinner break injury is compensable is "whether 'the employer, in all the circumstances, including duration, shortness of the off-premises distance, and limitations on off-premises activity during the intervals can be deemed to have retained authority over the employee ***.' " *Lynch*, 76 Ill. 2d at 90, 389 N.E.2d at 1149, quoting 1 A. Larson, Workmen's Compensation §15.54 (1978).

In *Lynch*, a case factually similar to this, our supreme court denied compensation. There the claimant slipped and fell on an icy sidewalk, as here, and broke his arm returning from a restaurant where he had purchased his breakfast. The court analyzed the issue by considering both the general "going and coming" rule of noncompensability and Professor Larson's discussion of the personal comfort doctrine and the "coffee break" cases. The court observed that the cause of injury—*i.e.*, falling on the icy sidewalk—was not a risk peculiar to claimant's employment, thereby defeating the "arising out of" requirement of the Workers' Compensation Act. The court concluded, "In our judgment claimant's injury cannot be said to have arisen out of and in the course of his employment to any greater extent than can that of the ordinary fall on the ice suffered by an employee who voluntarily elects to go outside his place of employment to purchase or eat his food." (*Lynch*, 76 Ill. 2d at 92, 389 N.E.2d at 1150.) Accordingly, the court reversed the circuit court's award of compensation.

█ █ Applying the principles enunciated in *Lynch* to this case, we find that the injury did not arise out of and in the course of the petitioner's employment. The petitioner went to the restaurant of her own volition, and the trip was not occasioned by the demands of her employment. Moreover, it appears that she would have undertaken her trip regardless of whether she planned to go to the Cinemas Theatre. Despite the fact that petitioner was joined by other employees and discussed "shop" during her break, the evidence does not demonstrate that petitioner's trip either benefited or accommodated her employer. Consequently, it cannot be said that respondent retained authority over her during the break; and the Commission did not err in finding that petitioner's injury from a fall on the ice was not occa-

80

sioned by a risk peculiar to or incidental to her employment. We therefore affirm the Commission's finding that the petitioner was not entitled to compensation.

The judgment of the circuit court of Coles County is affirmed.

Affirmed.

McNAMARA, WOODWARD, McCULLOUGH, and LEWIS, JJ., concur.