THE CITY OF SPRINGFIELD, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Robert Pokora, Appellee).

Fourth District (Industrial Commission Division)   No. 4—92—0274WC

Argued December 15, 1992.—Opinion filed May 6, 1993.—
Rehearing denied June 14, 1993.

STOUDER, J., dissenting.

James K. Zerkle and Peggy J. Witt (argued), Corporation Counsel, of Springfield, for appellant.

Richard G. Leiser (argued), of Warren E. Danz, P.C., of Peoria, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant, a police officer, was injured in a traffic accident returning to the station house after eating lunch. The Industrial Commission (Commission) awarded benefits and the circuit court confirmed the award. Respondent appeals, contending the Commission's determination that the injury arose out of the employment is against the manifest weight of the evidence. We affirm.

The facts are not in dispute. Claimant was a sergeant with the detective bureau of the Springfield police department (department). He was assigned an unmarked squad card for his use 24 hours a day. A department directive required that the police radio in the automobile be activated at all times and that claimant respond to any calls he received, even when off duty.

Claimant testified that he drove the car home to eat lunch almost every day. On March 29, 1988, while returning to the station after lunch, his car was struck broadside at an intersection by a vehicle whose driver ran a stop sign. Claimant suffered injuries to his head, neck, and back.

In addition to the police radio in the vehicle, claimant had a beeper with him 24 hours a day to permit him to respond to calls. He was also told by supervisors that police vehicles were assigned to officers for their use around the clock because of the benefit the city derived in maintaining heightened visibility on the street which would act as a deterrent to crime. Claimant conceded that he was free to do whatever he wanted on his lunch break and could choose when and where to go to eat lunch. He also agreed that at the time of the accident he was not responding to a call or emergency situation but was simply driving back to work.

The arbitrator awarded temporary total disability benefits, finding claimant was in the course of employment because he was on call as a police officer at the time of the accident. The Commission affirmed the arbitrator and the circuit court confirmed the Commission.

Respondent contends that claimant's injuries did not arise out of the course of his employment because claimant was not performing any employment duties at the time of the accident and was not subject to any greater risk than other citizens in driving an automobile on city streets. Claimant counters that because there was no dispute that he was "on call" 24 hours a day and his police radio was activated at the time the accident occurred, the injuries arose in the course of employment.

■ The issue for this court is whether the Commission finding of compensability is contrary to the manifest weight of the evidence. (*Ealy*

*v. Industrial Comm'n* (1989), 189 Ill. App. 3d 76, 78, 544 N.E.2d 1159, 1160-61.) Concerning lunch or dinner breaks, this court has stated that the guiding principle as to whether the injury is compensable is "whether 'the employer, in all the circumstances, including duration, shortness of the off-premises distance, and limitations on off-premises activity during the intervals can be deemed to have retained authority over the employee ***.' " (*Lynch Special Services v. Industrial Comm'n* (1979), 76 Ill. 2d 81, 90, 389 N.E.2d 1146, 1149, quoting 1 A. Larson, Workmen's Compensation §15.54 (1978).) It has also been stated that to the limited extent that generalities are appropriate, it can fairly be said that lunch-time injuries suffered away from the employer's premises by employees with fixed hours and places of employment and unpaid lunches, and who are not engaged in employer errand running or other employment-related activity, are not compensable. In a general way, such injuries can be characterized as governed by the rules applicable to injuries suffered while going to or from work. *Lynch*, 76 Ill. 2d at 87, 389 N.E.2d at 1148.

In this case, it is undisputed that claimant was entirely free to go to lunch when and where he chose. The fact that he was driving an unmarked squad car is not significant (see *Village of Mark v. Industrial Comm'n* (1957), 12 Ill. 2d 168, 145 N.E.2d 617), since there is no suggestion that the vehicle contributed to the accident. Likewise, the fact that claimant was or might have been paid for the time he spent on his lunch break is also not determinative. *Lynch*, 76 Ill. 2d at 87, 389 N.E.2d at 1148.

Claimant rests his argument, as did the arbitrator, on the fact that he was "on call" 24 hours a day and actually had his radio on during the trip to the station pursuant to department directive. The supreme court has stated that being "on call" 24 hours a day is not always determinative since it "does not necessarily follow that every injury suffered by a peace officer is compensable." (*Siens v. Industrial Comm'n* (1981), 84 Ill. 2d 361, 364, 418 N.E.2d 749, 750.) An injury must still be incidental to one's employment as a police officer.

The subject of police officer injuries has been addressed by Professor Larson:

> "Police officers who are 'on call' at all times have sometimes been brought within the rules just discussed as to on-call employees generally. But in other cases it has been recognized that policemen are 'on call' in a special sense. That is, while the usual on-call employee is subject to the possibility of a specific summons emanating directly from his employer, the policeman may be at any moment 'called' into duty by events taking place in his pres-

ence, whether or not he is technically off duty. Awards have accordingly been made to policemen in the course of an ordinary going or coming journey." (1 A. Larson, Workmen's Compensation §16.17, at 4—208.44 through 4—208.48 (1990).)

In this case, although claimant was not responding to any particular call or emergency, he had his police radio activated pursuant to department directive at the time the accident occurred. This serves to distinguish this case from those cited by respondent.

In *Siens*, a village marshall placed a shotgun from his police vehicle into his personal automobile and was subsequently injured when the gun discharged after he shoved it aside with his leg. At the time, claimant was preparing to embark upon a hunting trip. Compensation was denied because, despite the fact the officer was "on call" 24 hours a day, he was not performing any act incidental to his employment but was preparing to pursue a personal diversion unrelated to his job.

Likewise, in *Woolland v. Industrial Comm'n* (1982), 91 Ill. 2d 58, 434 N.E.2d 1132, a police officer shot himself accidentally at a party several hours after his shift ended. Compensation was denied because he was not performing any job-related duties at the time of the accident.

■ In this case, claimant was returning to duty after lunch and was not only subject to being "on call"; he had his radio turned on and was "on call" to the extent he would have responded in the normal course to any request for assistance or emergency he encountered.

In this sense, claimant was not acting outside his employment-related duties or engaged in a purely personal diversion or enterprise. The principal issue, as we have indicated, was whether the employer, under all the circumstances, can be deemed to have retained authority over the employee. Actively monitoring the police radio during the course of claimant's return trip to the station is sufficient evidence upon which the Commission could draw the conclusion that the employer intended to retain authority over claimant at the time his injuries arose. Accordingly, the Commission's decision is not against the manifest weight of the evidence. For this reason, the judgment of the circuit court of Sangamon County is affirmed.

Affirmed.

RAKOWSKI, WOODWARD, and RARICK, JJ., concur.

JUSTICE STOUDER, dissenting:

Because I do not view the claimant's injuries as having arisen out of his employment, I dissent from the majority's decision. I also have some

doubts as to whether it was in the course of his employment, but I need not reach that issue.

It is axiomatic that a claimant's injury is not compensable under the Workers' Compensation Act (Act) unless it arises out of and in the course of the claimant's employment. (Ill. Rev. Stat. 1987, ch. 48, par. 138.2; *Paganelis v. Industrial Comm'n* (1989), 132 Ill. 2d 468, 548 N.E.2d 1033.) "[I]n the course of" employment refers to the time, place, and circumstances under which the injury is received. (*Scheffler Greenhouses, Inc. v. Industrial Comm'n* (1977), 66 Ill. 2d 361, 366, 362 N.E.2d 325, 327.) "Arising out of" refers to the causal connection between the employment and the injury: a connection demonstrated if the claimant establishes that the injury's origin lies in some risk related to the employment. (*Brady v. Louis Ruffolo & Sons Construction Co.* (1991), 143 Ill. 2d 542, 548, 578 N.E.2d 921, 923.) In addition, an injury may be said to arise out of the employment if the conditions or nature of the employment increase the claimant's risk of harm beyond that to which the general public is exposed. (*Caterpillar Tractor Co. v. Industrial Comm'n* (1989), 129 Ill. 2d 52, 541 N.E.2d 665.) The claimant has the burden of establishing the necessary causal relationship between the employment and the injury. *Rosenbaum v. Industrial Comm'n* (1982), 93 Ill. 2d 381, 444 N.E.2d 122.

The mere fact that the claimant was present at the place of injury because of his employment duties will not by itself suffice to establish that the injury arose out of the employment. (*Brady*, 143 Ill. 2d 542, 578 N.E.2d 921.) Rather, a claimant must demonstrate that his risk of the injury sustained is peculiar to his employment, or that it is increased as a consequence of the work. (*Orsini v. Industrial Comm'n* (1987), 117 Ill. 2d 38, 509 N.E.2d 1005.) If an industrial accident is caused by a risk unrelated to the nature of the employment, or is not fairly traceable to the workplace environment, but results instead from a hazard to which the claimant would have been equally exposed apart from his work, the injury cannot be said to arise out of the employment. *Brady*, 143 Ill. 2d 542, 578 N.E.2d 921.

In the instant case, the claimant was a sergeant in the detective division of the Springfield police department. He worked basically out of the police station and was not assigned to patrol duty. At the time of the collision, the claimant was returning to work from his lunch break. He was not responding to an emergency call, or on his way to a crime scene or investigation. His travel at the time was no different than any other person returning to work. He was exposed to no greater risk than that faced by any other member of the general public.

I find the majority's reliance on the fact that at the time of the collision the claimant had his police radio activated pursuant to a department directive, and was "on call," most unconvincing. He was not performing any duties incidental to his employment at the time he was injured. Simply having the radio on surely does not suffice. He was not conducting any police-related activity at the time. He was just driving. Under the majority's rationale, had the claimant slipped and fallen in the shower while listening to his police radio, the resulting injury would be covered by the Act.

In sum, the claimant was involved in a traffic mishap, which was unrelated to his employment as a police detective. The claimant's injuries did not arise out of his employment. The claimant failed to prove a causal connection between his injury and his employment. Workers' compensation is not a general all-encompassing health and accident insurance policy. The facts in this case should not be construed in such a way as to make it so.