# Illinois Official Reports

## Appellate Court

---

### *Allenbaugh v. Illinois Workers' Compensation Comm'n*,
### 2016 IL App (3d) 150284WC

---

| | |
|---|---|
| Appellate Court Caption | JASON ALLENBAUGH, Petitioner-Appellant, v. THE ILLINOIS WORKERS' COMPENSATION COMMISSION and THE CITY OF PEORIA POLICE DEPARTMENT, Respondents-Appellees. |
| District & No. | Third District<br>Docket No. 3-15-0284WC |
| Rule 23 order filed<br>Motion to publish allowed<br>Opinion filed | June 15, 2016<br><br>July 12, 2016<br>July 12, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 14-MR-716; the Hon. James Mack, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Stephen P. Kelly, of Peoria, for appellant.<br><br>Boyd O. Roberts III and Kenneth M. Snodgrass, Jr., both of Hasselberg, Grebe, Snodgrass, Urban & Wentworth, of Peoria, for appellee. |

JUSTICE HUDSON delivered the judgment of the court, with opinion.
Presiding Justice Holdridge and Justices Hoffman, Harris, and Stewart concurred in the judgment and opinion.

**OPINION**

¶ 1                                    I. INTRODUCTION

¶ 2     Claimant, Jason Allenbaugh, appeals a decision of the circuit court of Peoria County confirming a decision of the Illinois Workers' Compensation Commission (Commission) denying his claim for benefits under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2012)). For the reasons that follow, we affirm.

¶ 3                                    II. BACKGROUND

¶ 4     Claimant is a police officer employed by the City of Peoria (respondent). He is a patrol officer and typically works second shift, reporting at 2:45 p.m. His job requires him to be driving for at least 65% and up to 75% of a shift. On March 5, 2013, claimant was ordered to report at 8 a.m. for mandatory training. The training was to take place at police headquarters and at the Expo Gardens Opera House. Claimant was en route to police headquarters. It was snowing, and there was ice and slush on the road. An oncoming vehicle crossed the center line and struck the left front side of claimant's truck. Claimant was forced into a ditch and struck several trees, sustaining neck and back injuries.

¶ 5     The arbitrator found claimant had sustained a work-related injury. He found that claimant was a patrol officer who typically worked second shift. He was ordered to perform mandatory training outside his usual duty hours. He was directed to bring various items of police gear to the training session. He left his house to attend training at 7:45 a.m. on March 5, 2013. The roads were hazardous that day. A third party, who was driving too fast for the hazardous conditions, ran into claimant's truck. Claimant was not at fault. According to claimant and the officer who responded to the accident, police officers were on duty 24 hours per day. Based on these facts (and without explaining the legal basis for his ruling), the arbitrator found that claimant sustained an accident arising out of and in the course of his employment.

¶ 6     The Commission reversed. It noted claimant's testimony that he believed he was on duty at all times and was required to respond to unlawful acts occurring in his presence; however, it further noted that at the time of the accident, claimant was not responding to unlawful conduct and was not responding to an emergency. It further cited the testimony of Assistant Chief of Police Jerry Mitchell that claimant was not on duty at all times and had no general obligation to intervene if he observed unlawful behavior while off duty. Respondent did employ people on an on-call basis, but claimant was not assigned to such duty. Mitchell did agree that claimant was required to report crimes he observed while not on duty.

¶ 7     The Commission then found that the mere fact that the training claimant was required to attend occurred outside his usual duty hours was not sufficient to avoid the general rule that an "employee's trip to and from work is the product of his own decision as to where he wants to live, a matter in which his employer ordinarily has no interest." It noted claimant was not required to drive any particular route and that "he was not performing any activities of

employment at the time of the accident." It agreed that, in other cases, police officers had been compensated while commuting where their employer retained control over them; however, this was not the case here. The Commission stated that the traveling-employee doctrine did not apply where claimant was simply driving his personal vehicle to his normal workplace. The dissenting commissioner believed that the traveling-employee doctrine applied because claimant was not commuting to his normal shift and the roads were hazardous. The circuit court of Peoria County confirmed, and this appeal followed.

¶ 8                                    III. ANALYSIS

¶ 9        On appeal, claimant advances two main arguments. First, he asserts that respondent maintained sufficient control over him that he remained within the scope of his employment at the time of the accident in accordance with *City of Springfield v. Industrial Comm'n*, 244 Ill. App. 3d 408 (1993). Second, he contends that he was a traveling employee when the accident occurred. Generally, whether a claimant's injury arose out of and occurred in the course of employment is a question of fact, and review is conducted using the manifest-weight standard. *Kemp v. Industrial Comm'n*, 264 Ill. App. 3d 1108, 1110 (1994). However, where, as here, the material facts are undisputed and susceptible to but a single inference, review is *de novo*. *Johnson v. Illinois Workers' Compensation Comm'n*, 2011 IL App (2d) 100418WC, ¶ 17.

¶ 10                                     A. Control

¶ 11       Claimant first argues respondent maintained sufficient control over him that he was within the scope of his employment at the time of the accident. See *City of Springfield*, 244 Ill. App. 3d at 411. Plaintiff relies heavily on *City of Springfield*. In that case, a police officer was injured in an automobile accident while returning to the police station from lunch. The officer was a sergeant in the detective bureau and was assigned an unmarked police car for 24 hours per day. The officer was required to monitor the radio while using the car at all times, and he was to respond to any calls he received, even if he was off duty. He drove the car home to eat lunch on most days, and on the day of the accident, he was returning to work from lunch when a motorist ran a stop sign and collided with him. The officer was also given a beeper to facilitate responding to calls. He could do whatever he wanted during his lunch break. At the time of the accident, he was not responding to a call or emergency situation.

¶ 12       Claimant contends that *City of Springfield* controls here. He argues that respondent maintained similar control over him as the respondent did over the officer in *City of Springfield*. In response, he points out that he was "ordered to report to the police station in a winter storm" and that the "roads were dangerous." While the officer in *City of Springfield* presumably was required to return to work after lunch just as claimant was ordered—and hence required—to attend training, the *City of Springfield* court made no mention of the officer's obligation to return to the stationhouse after lunch in announcing its holding. See *id.* Indeed, it seems to us that all employees are required to go to work. Thus, we fail to see how the fact that claimant was going someplace he was required to go for work distinguishes his situation from normal commuting. Claimant cites nothing to support the proposition that one's obligation to go to the place where one works supports an inference that one is within the scope of employment while commuting. Claimant states he would have been subject to discipline if he missed the training session; this is simply another way of saying he was ordered to attend and that attendance was mandatory. Claimant also asserts he was required to drive in

- 3 -

hazardous weather, but he does not explain how this renders his situation different from typical commuting.

¶ 13    Claimant relies on the fact that the training session was outside his usual hours of employment. We note that in *City of Springfield*, the officer was injured during his customary lunch break. Accordingly, *City of Springfield* sheds no light on this aspect of the instant situation. Claimant cites no other case where such a fact was given weight in finding an employee to be within the scope of his employment while commuting. Claimant points out that, per departmental directive, he was ordered to bring several items of equipment with him. It is true that the *City of Springfield* court relied on the fact that the officer had a radio (that was required to be on at all times) and a beeper with him at the time of the accident. However, in *City of Springfield*, the court mentioned that equipment because it allowed the respondent to maintain control over the officer while he was otherwise off duty. In claimant's case, he was required to bring to training his nightstick, gun belt, handcuffs and key, tazer, holster, and training uniform. Unlike a radio and beeper, none of these items allowed respondent to maintain control over claimant. Therefore, *City of Springfield* is distinguishable on this basis.

¶ 14    In sum, *City of Springfield* provides no meaningful support for claimant's position, and he identifies no other authorities where the facts he seeks to rely on were given weight in assessing whether an employee remained within the scope of employment while otherwise commuting.

¶ 15                              B. Traveling Employee

¶ 16    Next, claimant contends that he was a traveling employee at the time of the accident. Of course, accidents that occur when an employee is traveling to and from work do not generally arise out of or occur in the course of employment. *The Venture—Newberg-Perini v. Illinois Workers' Compensation Comm'n*, 2013 IL 115728, ¶ 16. However, if the employee is classified as a "traveling employee," an exception exists. *Id.* ¶ 17. A traveling employee is an employee whose job duties require him or her to travel away from the employer's premises. *Id.* For a traveling employee, any act the employee is directed to perform by the employer, any act the employee has a common-law duty to perform, and any act that the employee can reasonably be expected to perform are all compensable. *Id.* ¶ 18. Commuting is not encompassed by the doctrine. See *Pryor v. Illinois Workers' Compensation Comm'n*, 2015 IL App (2d) 130874WC, ¶ 22 ("An injury suffered by a traveling employee is compensable under the Act if the injury occurs while the employee is traveling for work, *i.e.*, during a work-related trip. However, the work-related trip at issue must be more than a regular commute from the employee's home to the employer's premises.").

¶ 17    Claimant argues that he is required to drive for much of his usual shift. However, that is not what claimant was doing at the time he was injured, and he cites no authority that holds that where an employee regularly drives as part of his duties, his or her commute is brought within the scope of the employment. Our research has uncovered no support for this proposition as well. Claimant then contends that he was required to travel to the police station and then to the Expo Gardens on the day he was injured. While true, it is undisputed that at the time he was injured, he was driving from his home to the police station. Finally, claimant again asserts that respondent required him to drive in hazardous conditions. We fail to see how this distinguishes claimant's situation from that of any other commuter in the northern half of this country.

- 4 -

¶ 18      Indeed, claimant cites no case where an employee has been found to be within the scope of employment on similar facts. The Commission observed, "We do not believe that the traveling employee doctrine should be extended to include any claimant who is involved in an accident on the way to their normal workplace, driving their personal vehicle without any additional compensation and not performing any duties incidental to their employment when the only basis for finding so is a department order that the claimant's regular work shift was different for that particular day." We agree with the Commission.

¶ 19                             IV. CONCLUSION

¶ 20      In light of the foregoing, the order of the circuit court of Peoria County confirming the decision of the Commission is affirmed.

¶ 21      Affirmed.